OPINION OF THE COURT
 

 Chief Judge Kaye.
 

 Was defendant’s false denial of his criminal conduct to the Probation Department — in violation of an explicit written plea condition that he truthfully answer questions asked of him by the Department — an appropriate basis for enhancement of his sentence? In this case it was.
 

 In a written statement given to the police, defendant admitted to sexual contact with two sisters — then six and seven years old — who had been entrusted to his care. Defendant was later indicted on three counts of first degree rape, one count of second degree rape and four counts of endangering the welfare of a child. In satisfaction of all counts, defendant pleaded guilty to two counts of rape in the first degree. Defendant negotiated a proposed sentence of consecutive three-to-six-year terms on the satisfaction of several requirements agreed to in writing. Most relevantly, defendant agreed that he would
 
 “truthfully
 
 answer all quéstions asked of [him] by the Court” and
 
 “truthfully
 
 answer all questions asked of [him] by the Probation Department” (emphasis in original). Defendant further agreed that if he violated any condition, the sentencing court was not bound by its promises made to him and defendant could not withdraw his plea.
 

 At the plea colloquy, the court asked defendant whether he understood that the agreement was conditional, and that defendant had certain requirements to live up to, including an obligation “to answer all of the questions that the probation officer asks you in a truthful fashion.” Defendant answered that he understood. Defendant then admitted that he had sexual intercourse with both children.
 

 Two weeks later, the Probation Department interviewed defendant in preparation of a presentence investigation report. According to the report, at this interview defendant “denied
 
 *188
 
 guilt in this crime. He said he never had any sexual intercourse or touched the children with any sexual provocation.” Rather, defendant told the probation officer that the children initiated sexually suggestive contact with him.
 

 Based on defendant’s acknowledged lie to the probation officer, the trial court sentenced him to two consecutive 10-to-20-year terms. On appeal, the Appellate Division held that “the court improperly enhanced defendant’s sentence in this case” (citing
 
 People v Parker,
 
 271 AD2d 63, 69-70 [4th Dept],
 
 lv denied
 
 95 NY2d 967 [2000];
 
 People v Burns,
 
 279 AD2d 586, 587 [2d Dept 2001]), and modified the judgment to impose the bargained-for sentence (288 AD2d 882, 883).
 

 In urging reversal, the People argue that the sentencing court appropriately considered defendant’s lie in enhancing his sentence. While conceding that he lied to the probation officer about his crime, defendant argues that the court acted inappropriately in departing from the negotiated agreement, first because breach of a condition to answer truthfully is necessarily subjective, and second because — unlike factors like family background and personal history — failure to acknowledge guilt to a probation officer is not directly related to the court’s sentencing function.
 
 *
 
 We conclude that defendant’s arguments are without merit.
 

 Conditions agreed upon as part of a plea bargain are generally enforceable, unless violative of statute or public policy.
 
 (People v Avery,
 
 85 NY2d 503, 507 [1995]). Additionally, even where a plea agreement has been reached, and a defendant has entered a plea in reliance on the agreement, it is ultimately up to the court to impose what it considers an appropriate sentence
 
 (People v Farrar,
 
 52 NY2d 302, 306 [1981]). As a matter of law and strong public policy, a sentencing promise made in conjunction with a plea is conditioned upon “its being lawful and appropriate in light of the subsequent presentence report or information obtained from other reliable sources”
 
 (People v Selikoff,
 
 35 NY2d 227, 238 [1974]).
 

 The Criminal Procedure Law provides that, where a person is convicted of a felony, the court must order a presentence investigation of the defendant, and it may not pronounce sentence until it has received a written report of such investigation (CPL 390.20 [1]). The investigation supporting the presentence report includes the gathering of a wide variety of infor
 
 *189
 
 mation — including a criminal, social, employment, family, economic, educational and personal history of defendant; information “with respect to the circumstances attending the commission of the offense”; and other information that the court directs to be included or is otherwise deemed relevant to the question of sentence (CPL 390.30 [1]). The presentence report may well be “ ‘the single most important document at both the sentencing and correctional levels of the criminal process’ ” (5 LaFave, Criminal Procedure § 26.5 [b], at 788 [2d ed], quoting Fennell & Hall,
 
 Due Process at Sentencing: An Empirical and Legal Analysis of the Disclosure of Presentence Reports in Federal Courts,
 
 93 Harv L Rev 1613 [1980]).
 

 Several considerations support the court’s enhancement of defendant’s sentence. Initially, there is nothing “subjective” about the particular condition at issue in this case. It was explicit, objective, accepted by defendant — and concededly breached (see,
 
 by contrast, People v Outley,
 
 80 NY2d 702 [1993] [defendants denied complicity in crimes underlying violation of “no-arrest” condition]). Sentence enhancement based on defendant’s violation of the condition, moreover, did not violate any statute or public policy. Defendant’s failure to answer the Probation Department truthfully about his crime hindered the preparation of an accurate report for the court’s use at sentencing. Finally, as the sentencing court noted, the acceptance of responsibility for a sexual offense is a step toward rehabilitation (se
 
 e e.g. McKune v Lile,
 
 536 US 24, 57 [2002]). In short, the result we reach in this case is premised on the nature of defendant’s breached promise and its pertinence to his sentence.
 

 Accordingly, the order of the Appellate Division, insofar as appealed from, should be reversed and the case remitted to that Court for consideration of the facts (CPL 470.25 [2] [d]; 470.40 [2] [b]).
 

 Judges Smith, Levine, Ciparick, Wesley, Rosenblatt and Graffeo concur.
 

 Order, insofar as appealed from, reversed, etc.
 

 *
 

 While defendant before us attempts to recast the issue as one of due process, he made no such claim before the sentencing court.