THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLIE HICKS, Appellant. [748 NYS2d 309] —An appeal having been taken from a judgment of Monroe County Court, entered September 17, 1999, convicting defendant upon his plea of guilty of rape in the first degree (two counts), and said judgment having been modified by order of this Court entered November 9, 2001, in a memorandum decision (288 AD2d 882), and the People of the State of New York on January 29, 2002 having been granted leave to appeal to the Court of Appeals from said order (97 NY2d 705), and the Court of Appeals on July 1, 2002 having reversed said order insofar as appealed from and remitted the case to this Court for consideration of the facts (98 NY2d 185; CPL 470.25 [2] [d]; 470.40 [2] [b]),

Now, upon remittitur from the Court of Appeals and having considered the facts (CPL 470.25 [2] [d]; 470.40 [2] [b]), it is hereby ordered that, upon remittitur from the Court of Appeals, the judgment so appealed from be and the same hereby is unanimously modified as a matter of discretion in the interest of justice by directing that the term of imprisonment imposed on the second count shall run concurrently to that imposed on the first count and as modified the judgment is affirmed.

Memorandum: This case is before us upon remittitur from the Court of Appeals (*People v Hicks,* 98 NY2d 185). We previously modified a judgment convicting defendant upon his plea of guilty of two counts of rape in the first degree (Penal Law § 130.35 [3]) and sentencing him to indeterminate terms of imprisonment of 10 to 20 years on those counts, to run consecutively. We modified the judgment "by vacating the sentence and imposing the bargained-for sentence of [imprisonment] of two consecutive terms of incarceration of 3 to 6 years" (*Hicks,* 288 AD2d 882, 883). In reversing our order, the Court of Appeals determined that several considerations supported the sentencing court's enhancement of defendant's sentence (*Hicks,* 98 NY2d at 189). Having considered the facts and circumstances of this case, we now modify the judgment as a matter of discretion in the interest of justice by directing that the term of imprisonment imposed on the second count shall run concurrently to that imposed on the first count (*see* CPL 470.15 [3] [c]; *see e.g. People v Pastorius,* 272 AD2d 944, *lv denied* 95 NY2d 907). Present—Pigott, Jr., P.J., Wisner, Hurlbutt, Gorski and Lawton, JJ.