OPINION OF THE COURT
Frank J. LaBuda, J.
The defendant, Angel Rosario, was charged in indictment No. 202-03, and arraigned on or about October 29, 2003, on the nine-count indictment charging him with various sexual batteries against three young infant girls,[1] including in count one, a course of sexual conduct against a child; count two, incest; counts 3, 8 and 10, endangering the welfare of a child with respect to the infant daughter child; and with respect to count six, seven, and nine, deviant sexual abuse with respect to the other infant girl child.
The defendant was represented by the legal aid panel by the chief assistant and director, Mr. Stephan Schick. There was pretrial omnibus motion practice and intense and protracted pretrial negotiations conducted on behalf of the defendant through the legal aid panel, wherein there was an offer communicated by the People of 18 years determinate, should the defendant plead guilty and waive appeal and admit his responsibility with respect to the three infant female victims. The legal aid panel was substituted by retained counsel,[2] an experienced criminal defense lawyer, former Assistant District Attorney in Sullivan County and a former village justice in Sullivan County, New York.
The matter was scheduled for pretrial hearings, including Sandoval and Huntley, and pursuant to the renewed negotiations of the defendant’s new defense attorney, the defendant entered a plea of guilty pursuant to a plea bargain arrangement, which included a waiver of appeal and plea to three counts of the indictment on February 4, 2004.
At the time of the plea, the defendant was placed under oath, questioned by the court and gave sworn testimony, inter alia, with respect to defendant’s pedigree and with respect to defendant’s knowing and intelligent voluntary waiver of his *954 rights. Following the defendant’s allocution, which, after some difficulty with the defendant owning up to what defendant’s attorneys had arranged for the plea bargain arrangement, the defendant, Angel Rosario, entered a plea of guilty to count one of the indictment, course of sexual conduct against a child with respect to his infant daughter; count four of the indictment, course of sexual conduct against a child with respect to defendant’s second infant daughter; and count nine, sexual abuse in the first degree with respect to the unrelated infant female child.
The defendant admitted, under oath, and pleaded guilty to engaging in multiple acts of sexual contact and multiple acts of sexual intercourse with an infant female from the time that female infant was between the ages of 6 and 10 years old with respect to count one.
Then, with respect to count four, the defendant pleaded guilty to and allocuted, from on or about September of 2000 through June of 2001, at his residence here in Sullivan County, New York, to having two or more acts of sexual contact with his older daughter, who was under the age of 11 during the entire period of time, wherein the defendant touched the infant female’s vagina, breast and buttocks.
With respect to count nine, defendant pleaded guilty to and allocuted that on or about the summer of 1998 at his residence here in Sullivan County, he subjected a third unrelated infant female child to sexual contact by placing his hand in her underwear and touching her vagina.
Following the defendant’s pleas of guilty and allocutions, the defendant was clearly advised and instructed by this court to cooperate with the Probation Department. The court also gave the defendant detailed Parker warnings. The court explained, at length, the part of the plea bargain that Mr. Rosario must not get into any trouble between the time of the plea and the time of sentencing, that he was to cooperate with the Probation Department when interviewed by them, and that if these conditions were not met he would be in violation of the plea agreement and the court would not be bound to give him only 18 years in jail, that defendant’s conviction would stand and the court would be free to sentence defendant up to 25 years in state prison. Defendant acknowledged that he understood the warnings and consequences of failure to fully cooperate. (See, plea transcript at 37.)
The court went on to further explain to this defendant, and to defendant’s counsel that if the defendant, in his presentence *955 report, refuted or denied what the defendant had sworn to in his plea allocution, thus taking a stand contrary to his plea and agreement, that the court in considering remorse and acceptance of responsibility as one factor into accepting the bargained for sentence of 18 years, he would not be entitled to the benefit of the bargained for sentence. The defense attorney, on the record, graciously appreciated the court’s advising the client of the importance of the presentence investigation, and defense counsel further, on the record, indicated that she had advised the client of that importance and that the defendant understood it.
On February 18, 2004 the defendant acknowledged readiness to proceed to sentencing. The court noted that the presentencing report, which has been admitted into evidence, was inconsistent with the defendant’s plea allocution and appeared to be in violation of the court’s clear admonitions to the defendant at the time of the plea with respect to cooperating with the Probation Department.
Pursuant to the authority of People v Hicks (98 NY2d 185 [2002]), this court held a Hicks evidentiary hearing, to establish what admonitions the defendant was given with respect to the issue at bar, and as to what violations, if any, the defendant committed with respect to the “Hicks admonitions.”
Although it is not clear from the Court of Appeals decision in Hicks nor in the subsequent decision of People v Powell (196 Misc 2d 977 [Nassau County Ct 2003]) as to what standard of proof a trial court ought to use in determining whether or not a violation took place, this court will a adopt a standard of proof beyond a reasonable doubt.
This court believes it is appropriate to adopt the highest criminal standard of proof because even though guilt has been established by the defendant’s own allocution, the ramifications of the Hicks violation go directly to the sentencing, a substantive part of the conviction, and therefore the standard of proof ought to be the same.
Pursuant to a Hicks hearing, the People introduced, on consent, the plea allocution minutes and called Probation Officer Gerber who prepared the presentence report. This court makes the following findings of fact beyond a reasonable doubt.
Miss Gerber is a qualified and experienced probation officer, with almost two years of probation presentence report writing experience. This court finds her testimony clear, direct, frank, unevasive and in all respects truthful.
*956 Pursuant to a routine assignment to prepare a presentence report in this matter, Probation Officer Gerber interviewed the defendant, Angel Rosario, at the Sullivan County Jail for at least one hour and covered all necessary matters applicable to a felony presentence report. The defendant’s remarks in the interview process were accurately recorded by the probation officer.
On page 3 of the presentence investigative report, when interviewed on March 3, 2004 at the Sullivan County Jail, the defendant refused to acknowledge his wrongdoing and minimized the offenses of sexually abusing three little girls by attempting to somehow explain the sexual abuse as a situation that defendant was going through with his paramour because she was cheating on him. The defendant refused to answer most of the questions when interviewed and asserted numerous times defendant does not understand English.
It is noted from the presentence investigative report that the defendant is a 30-year-old male who finished 11th grade at the Livingston Manor High School, Sullivan County, New York, and at no time, including the Hicks hearing, did the defendant ever claim the need of an interpreter for anything.
With respect to the victim, the infant female who is not related to the defendant, the defendant asserted that “7 did nothing” at page 3 of the presentence investigative report. The defendant also made accusations with respect to the District Attorney putting him in a trap, “trap set up by a sister-in-law, Ida.” The defendant also denied sexual intercourse with respect to any of the infant females, even though he admitted in his sworn allocution to sexual intercourse with one of his biological daughters. The defendant related, to Probation Officer Gerber, that he pleaded guilty to the charges to avoid a longer prison sentence than offered by the plea agreement.
The rationale the defendant gave the probation officer for pleading guilty was consistent with his testimony at this hearing and claimed for remorse in order to avoid the potential of a longer prison sentence than was bargained for by the defendant at the time of this plea.
At the hearing the defendant took the stand. This court found the defendant’s testimony was evasive, uncertain, contradictory at times, and was clearly concocted, tortuous and a strained version of what defendant did to the infant girls, what defendant said to the probation officer and what defendant said to his own attorney in preparation for sentencing and this hear *957 ing. The defendant’s parroted expression of remorse on the stand as well as defendant’s production of an undated, unidentified note that the defense untimely offers into evidence was a clear attempt and recent fabrication by the defendant to avoid the responsibility of violating this court’s Hicks warnings.
The defendant’s wilful failure to truthfully answer the probation officer’s inquiry about his crimes, three in number, involving three different, helpless, infant female victims, clearly hinders the preparation of an accurate report for this court’s use at the time of sentencing. Clearly, the complete and well-drafted presentence investigative report of Probation Officer Gerber shows that this defendant did not accept responsibility for the sexual offenses and crimes allocuted to. This court notes that the acceptance of responsibility for sexual offenses and crimes is a necessary first step toward any possibility of sex offender rehabilitation. The fact that the defendant claims, at the hearing, that he was embarrassed to truthfully respond to the female probation officer’s inquiries and to accept any responsibility for what he did simply holds no weight for this court and is not credible.
The presentence investigative report shows this defendant had no embarrassment about bragging to the probation officer about how he could do and would “do more than one woman at a time, going back and forth.” The defendant had no hesitation to bragging to the young probation officer how he would meet other women and become intimate with them.
This defendant is no stranger to the criminal justice system. Defendant has a prior arrest for assault in the third degree, unlawful imprisonment on December 18th of 2001 where defendant was convicted on June 20th of 2002 of assault in the third degree, class A misdemeanor in the Town of Rockland Justice Court wherein the situs of the instant crimes took place, that is, Livingston Manor, New York.
Accordingly, this court finds that the defendant breached the promises given to this court, namely, to cooperate, and that the defendant’s lack of remorse, and acceptance of responsibility for his actions against three infant female children are pertinent and relevant to the sentence.
As explained to the defendant at the time of the plea, the purpose of affording him a plea arrangement with respect to 18 years for violating three young little girls was in anticipation of a genuine remorse, his genuine sincerity for changing his ways.
*958 Based upon the presentence investigative report as well as the defendant’s in court testimony, this court finds that there’s a total absence of sincerity, remorse and acceptance of responsibility for what he did.
Accordingly, the defendant’s convictions for counts one, four, and nine of the indictment will stand, the agreement with respect to the 18-year sentence will no longer bind this court, because the defendant has violated his Hicks warnings at the time of the defendant’s plea allocution, ;and that by the defendant protesting his innocence during the presentence interview, the defendant violated a condition of his plea pertinent and meaningful to sentencing and that this violation is verifiable and based upon factual information as provided for by the presentence, and sworn testimony of the probation officer and the plea minutes.
Accordingly, this matter was scheduled: for sentencing on April 9, 2004, and the defendant’s renewed application for the original 18-year sentence was denied, and the court imposed the sentence it has forewarned the defendant of, that is, 25 years.

. Victim No. 1 was six years old and the defendant’s biological daughter. Victim No. 2 was 10 years old and also the defendant’s biological daughter. Victim No. 3 was five years old and not related to the defendant.

. Honorable Elissa Killian, Esq. of Liberty, New York.