■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN M. GOODWILL, Appellant. [797 NYS2d 345]—

Appeal from a judgment of the Cattaraugus County Court (Larry M. Himelein, J.), rendered July 7, 2003. The judgment convicted defendant, upon his plea of guilty, of attempted rape in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law, the plea is vacated, and the matter is remitted to Cattaraugus County Court for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted rape in the first degree (Penal Law §§ 110.00, 130.35 [4]). Defendant contends that he should be permitted to withdraw his guilty

plea because, prior to sentencing, he was not advised of the mandatory period of postrelease supervision that would be imposed as part of his sentence. We conclude that County Court's failure to advise defendant of the mandatory period of postrelease supervision, which is "a direct consequence of his conviction," requires reversal (*People v Catu*, 4 NY3d 242, 244 [2005]). Thus, we reverse the judgment of conviction, vacate the plea, and remit the matter to County Court for further proceedings consistent with our decision herein. Present—Kehoe, J.P., Gorski, Martoche, Smith and Pine, JJ.