OPINION OF THE COURT
Michael R. Ambrecht, J.
*345 Following his arrest on February 25, 2005 defendant Roberto Gonzalez was charged by superior court information with two counts of course of sexual conduct against a child (Penal Law § 130.80 [1] [a], [b]) and one count of endangering the welfare of a child (Penal Law § 260.10 [1]). The charges stemmed from allegations that defendant had repeatedly engaged in sexual contact with his infant stepdaughter.[1] On April 29, 2005, defendant entered a plea of guilty to all charges in exchange for a negotiated sentence of 90 days’ incarceration, the balance of 10 years on probation, and participation in a sex offender’s treatment program. A full final order of protection prohibiting defendant from residing in the victim’s home was issued.
At the time of the plea defendant was placed under oath and questioned by the court. During the allocution defendant admitted to engaging in sexual contact with his stepdaughter during various periods in 1999-2002 when she was between 10 and 13 years old.[2] Defendant specifically admitted to touching his stepdaughter’s breasts, genitals and buttocks and to having had her touch his genitals. Defendant was also allocuted concerning the waiver of his right to appeal the conviction which he had executed as a condition of the plea.
Following entry of the pleas and the allocution, defendant was unambiguously directed by this court to cooperate fully with the Department of Probation in its preparation of the presentence investigation report. To impress upon the defendant the importance of his full cooperation, this court stated on the record that:
“I want to impress upon you that a requirement of my accepting this plea and agreeing to this disposition and sentence is that you cooperate with that probation officer and are truthful. I am telling you now, if, as a result of that interview, the probation officer reports that you in any way disclaim the facts that you just allocuted to, I will not be bound by this promise and I-will not let you withdraw your plea as allocuted to me today. Do you understand that?”
In reply defendant stated that he understood. His attorney asked for, and was granted, time to explain the significance of the interview to the defendant which she did. She then informed *346 the court that the condition was understood and acceptable. The case was then adjourned to March 13, 2005 for sentencing.
On March 13, 2005 defendant was not sentenced because the court noted that the presentencing report was inconsistent with the defendant’s plea allocution and appeared to be in violation of the court’s warnings to the defendant at the time of the plea with respect to cooperating with the Department of Probation. Specifically, on page four of the report under the heading “Summary of Offender’s Statement” the probation officer interviewing the defendant indicated that “defendant refused to make a statement regarding the instant offense.” The court later learned that in completing this portion of the report the officer relied upon a case write-up from the District Attorney’s office rather than defendant’s own contemporaneous statement. The write-up paraphrased an earlier videotaped statement given by defendant in which he admitted the conduct allocuted to. Accordingly, a hearing pursuant to People v Hicks (98 NY2d 185 [2002]) was ordered to determine whether and to what extent defendant had in fact violated the court’s admonitions to cooperate fully with the Probation Department.
Findings of Fact
The Hicks hearing was conducted on June 7, 2005. The People introduced, inter alla, the stenographic plea minutes of the defendant’s plea, the presentence report and the worksheet notes of Probation Officer Shelly Smith who prepared defendant’s presentencing report. Officer Smith was the only witness called. The defendant did not testify or otherwise present a case. Applying the standard of proof beyond a reasonable doubt the court makes the following findings of fact and conclusions of law.
Officer Smith has been an investigative probation officer for eight years. In the course of her duties she prepares approximately 30 to 40 presentencing reports per month. She holds a Master’s degree in public administration and was previously employed as a caseworker for a foster care agency. Her testimony was forthright and unevasive and the court finds her testimony to be credible in all respects.
On May 3, 2005 Officer Smith was assigned the routine task of preparing defendant’s presentencing report. On that date she met with defendant and interviewed him, while taking notes on a worksheet, for approximately 25 minutes. Officer Smith asked defendant a host of standard background questions which de *347 fendant answered. Officer Smith characterized defendant’s general demeanor throughout the interview as cooperative. The interview took place in English which defendant appeared to fully understand. Defendant never requested the aid of an interpreter.
At the point in the interview where Officer Smith asked defendant about the facts of the crimes to which he had pleaded guilty, defendant stated that he did not wish to talk about the case. Officer Smith informed defendant that she would need a statement about the facts of the case from him and then moved on to other topics. Later in the interview Officer Smith again asked him to make a statement about the instant offense to which defendant again replied that he did not wish to talk about the case.
Officer Smith recorded in her notes the fact that defendant refused to make a statement about the offenses and that he neither admitted nor denied his guilt. When asked directly about the nature of his relationship with his stepchildren defendant reported that he had a good rapport with them. She also recalled that defendant seemed most concerned about the fact that, as a result of his plea, he had no job or home since a final order of protection was in place prohibiting him from returning to the residence where he lived with his stepdaughter.
During the course of the interview Officer Smith asked defendant to comment on the facts of the case four or five times without success. At the conclusion of the interview Officer Smith informed defendant that he could possibly “get in trouble” for failing to make a statement about the offense to which defendant made, what Officer Smith described as, a “shrugging” expression. As set forth above Officer Smith completed the factual portion of the report with defendant’s earlier videotaped admissions.
Conclusions of Law
Defendant contends that, since he did not affirmatively deny his guilt, he did not breach his promise to the court to cooperate fully with the Department of Probation. The court, however, finds that by refusing to candidly answer Officer’s Smith repeated requests to discuss the facts of this incident defendant has breached an explicit condition of the plea and, more disturbingly, has demonstrated a complete lack of remorse and acceptance of responsibility for sexually abusing his infant stepdaughter. Although Officer Smith found defendant generally *348 cooperative during the interview, the court notes that defendant’s cooperation was selective in that he freely answered routine pedigree questions but specifically refused to discuss his abuse of his stepdaughter. Thus, while perhaps not untruthful, defendant was plainly evasive and thereby uncooperative.
Although the court acknowledges that the instant situation, wherein defendant refused to comment about his guilt, is distinguishable from both Hicks and People v Rosario (3 Misc 3d 952 [Sullivan County Ct 2004]), where the defendants (also charged with child sexual abuse) gave false statements denying their guilt during their presentence interview, the court nonetheless finds an enhanced sentence appropriate. In this instance the conditions of the plea were not subjective. Rather, defendant’s duty to fully cooperate with the Department of Probation and to not disclaim the facts he allocuted to were expressly explained to him, agreed to by him and then clearly breached, thus justifying an enhanced sentence (People v Hicks, supra at 189). Moreover, defendant has clearly minimized his criminal actions by characterizing his relationship with his stepchildren as “good.” As such defendant has, by his own actions, subjected himself to an enhanced sentence (People v Hicks, 98 NY2d 185 [2002]; People v Rosario, 3 Misc 3d 952 [Sullivan County Ct 2004]; People v Powell, 196 Misc 2d 977 [Nassau County Ct 2003]). As the Hicks court makes clear, a defendant’s failure to answer the Department of Probation truthfully about his crime hinders the preparation of an accurate report upon which the court can rely at sentencing. In addition, the acceptance of responsibility for a sexual offense is a crucial step toward rehabilitation.
Accordingly, the agreement with respect to the sentence of a “90 day split” will no longer bind this court and defendant will now be subjected to an enhanced sentence as a result of his violation of a critical condition of his plea which was established by the presentence report, the plea minutes and the sworn testimony of Officer Smith. Prior to imposition of sentence, the defendant and the People will be permitted an opportunity to be heard.

. Defendant was previously charged with sexually abusing the victim’s older sister but that case did not result in a conviction.

. Defendant also allocuted to having similarly abused the victim’s older sister prior to the year 2000.