OPINION OF THE COURT
Abraham Gerges, J.
Defendant had pleaded guilty before this court on February 6, *440 2007, and the matter is now on for sentence. What had been a simple imposition of sentence based on a negotiated plea has now turned into something far more complex. Under consideration by the court is vacatur of the plea, imposition of the agreed upon sentence, or a reduction of the sentence to time served resulting in immediate deportation.
In addition to the parties, the court has heard from representatives from the United States Department of State, the Department of Homeland Security, the Center for Constitutional Rights and also received hundreds of faxes from various individuals. All submissions have been made available to both the defense attorney and the Attorney General’s office.
Facts
Defendant pleaded guilty to charges relating to a mortgage fraud scheme. During the plea colloquy the court specifically provided that it may refuse to sentence defendant if information of a serious nature, previously unknown to the court, was revealed (plea transcript, Feb. 6, 2007, at 3, lines 19-24). The court went on to state that, in such circumstance, defendant would be permitted to withdraw his plea (id.).
It is beyond dispute that, in addition to the information contained in the presentence report detailing defendant’s alleged crimes in Haiti, the court has only recently received very detailed information regarding these crimes and defendant’s leadership role in a Haitian antidemocracy paramilitary organization, the Revolutionary Front for the Advancement and Progress of Haiti (known as F.R.A.EH.). These allegations include F.R.A.EH. involvement in rape, murder, and intimidation of the Haitian people on a large scale. F.R.A.EH. members brutally attempted to crush the prodemocracy movement in Haiti.
Law
“Conditions agreed upon as part of a plea bargain are generally enforceable, unless violative of statute or public policy” (People v Hicks, 98 NY2d 185, 188 [2002]). However, a sentencing promise made with “a plea is conditioned upon ‘its being lawful and appropriate in light of the subsequent presentence report or information obtained from other reliable sources’ ” (id., quoting People v Selikoff, 35 NY2d 227, 238 [1974]). It is well accepted that if a plea agreement cannot be fulfilled the court should vacate the guilty plea (Selikoff at 241; People v Escalona, 2001 NY Slip Op 40046[U] [Sup Ct, Kings County 2001]).
*441 The extent and specificity of the evidence regarding defendant’s involvement and leadership role in F.R.A.EH. has only been recently submitted to the court. While defendant deserves the opportunity to defend himself against these charges and is presumed innocent, it is apparent that he was involved with F.R.A.EH. and played a key role. On June 7, 1995 defendant was deposed for a federal case against F.R.A.EH. and stated, “I’m not a member of F.R.A.EH. I’m a leader of F.R.A.EH.”
These allegations, if true, are heinous, and the court cannot in good conscience consent to the previously negotiated sentence. The court also cannot consent to time served, as that would be a travesty. The plea is hereby vacated and all counts of the indictment reinstated.