THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICKEY L. LETT, Appellant. [838 NYS2d 844]—

Appeal from a resentence of the Niagara County Court (Peter L. Broderick, Sr., J.), rendered January 20, 2005. Defendant was resentenced following his conviction, upon his plea of guilty, of attempted burglary in the second degree.

It is hereby ordered that the resentence so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a resentence upon a judgment convicting him upon his plea of guilty of attempted burglary in the second degree (Penal Law §§ 110.00, 140.25 [2]). Although defendant was originally sentenced to a determinate term of incarceration and a three-year period of postrelease supervision, County Court thereafter resentenced him to a five-year period of postrelease supervision. "Because the resentence occurred more than 30 days after the original sentence and the only notice of appeal is from the resentence, defendant's appeal is from the resentence only" (*People v Coble*, 17 AD3d 1165, 1165 [2005], *lv denied* 5 NY3d 787 [2005]; *see* CPL 450.30 [3]). Thus, the contentions of defendant that his waiver of the right to appeal is invalid and that he was denied due process and effective assistance of counsel prior to the entry of his plea are not properly raised on this appeal. In addition, "[t]he contention[ ] of defendant that the plea was not voluntarily, knowingly, and intelligently entered . . . [is] not reviewable by this Court on appeal from the resentence" (*People v Luddington*, 5 AD3d 1042, 1042 [2004], *lv denied* 3 NY3d 643 [2004]; *see* CPL 450.30 [3]). To the extent that defendant appears to contend that he did not receive the benefit of the plea agreement as a result of the resentence, that contention is reviewable. We conclude, however, that the contention lacks merit. Defendant was specifically informed of the postrelease supervision component of his

sentence (*cf. People v Van Deusen*, 7 NY3d 744 [2006]; *People v Catu*, 4 NY3d 242, 245 [2005]; *People v Goodwill*, 20 AD3d 931 [2005]). Inasmuch as the plea agreement did not specify the length of the period of postrelease supervision, we conclude that there was no " 'unilateral alteration of the proffered sentence' " (*People v Long*, 12 AD3d 788, 788 [2004], *lv denied* 4 NY3d 833 [2005]). Present—Scudder, P.J., Hurlbutt, Peradotto, Green and Pine, JJ.