# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1334**
**KA 13-02120**
PRESENT: CENTRA, J.P., FAHEY, VALENTINO, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                           MEMORANDUM AND ORDER

LANCE E. VIVENZIO, DEFENDANT-APPELLANT.

---

ADAM H. VAN BUSKIRK, MORAVIA, FOR DEFENDANT-APPELLANT.

JON E. BUDELMANN, DISTRICT ATTORNEY, AUBURN (CHRISTOPHER T. VALDINA OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Cayuga County Court (Mark H. Fandrich, A.J.), rendered October 1, 2013. The judgment convicted defendant, upon his plea of guilty, of vehicular assault in the second degree, driving while intoxicated, and aggravated unlicensed operation of a motor vehicle in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of vehicular assault in the second degree (Penal Law § 120.03 [1]), driving while intoxicated (Vehicle and Traffic Law § 1192 [2]), and aggravated unlicensed operation of a motor vehicle in the first degree (§ 511 [3]).

Defendant contends that County Court erred in imposing as a condition of his probation the installation of an ignition interlock device (IID) on the vehicle he was driving because that vehicle is owned by his wife and was rendered unusable at the time the above offenses occurred. We reject that contention. Vehicle and Traffic Law § 1193 (1) (c) (iii) explicitly requires that the court "shall order [a] person [convicted pursuant to section 1192 (2)] to install and maintain . . . an [IID] in any motor vehicle owned or *operated* by such person" (emphasis added). Here, the evidence in the record does not support defendant's assertion that the subject vehicle was rendered unusable, and defense counsel's unsworn statement at sentencing in support of the assertion does not remedy that evidentiary deficiency. Inasmuch as defendant operated the vehicle at the time of the offenses, and in light of the fact that there is no evidence in the record that the vehicle has been rendered unusable, we see no reason to disturb the court's imposition of the IID requirement with respect to the vehicle as a condition of defendant's probation (*see* § 1193 [1] [c] [iii]; Penal Law § 65.10 [2] [k-1]).

As the People concede, the certificate of conviction incorrectly recites that defendant was convicted of a class D felony, rather than a class E felony, under the second count of the superior court information (*see* Vehicle and Traffic Law § 1193 [1] [c] [i]).  The certificate of conviction therefore must be amended to reflect that fact (*see People v Young*, 74 AD3d 1864, 1865, *lv denied* 15 NY3d 811).

Entered:  January 2, 2015                      Frances E. Cafarell
                                               Clerk of the Court