People v Terry (2023 NY Slip Op 03648)

People v Terry

2023 NY Slip Op 03648

Decided on June 30, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 30, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, CURRAN, BANNISTER, AND OGDEN, JJ.

532 KA 19-01025

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DERRELL TERRY, DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (JANE I. YOON OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered March 26, 2019. The judgment convicted defendant upon his plea of guilty of assault in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a plea of guilty of assault in the second degree (Penal Law
§ 120.05 [2]). As the People correctly concede, defendant's waiver of the right to appeal is invalid because Supreme Court's colloquy and the written waiver used overbroad language that mischaracterized the waiver as an "absolute bar" to the taking of an appeal (People v Thomas, 34 NY3d 545, 559 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]).
Contrary to defendant's contention, however, the court did not err in enhancing defendant's sentence. It is well settled that a court may impose an enhanced sentence on a defendant if the court informs the defendant that the promised sentence is conditioned on being truthful in any subsequent presentence interview and the defendant then is not truthful in that interview (see People v Hicks, 98 NY2d 185, 187-188 [2002]; People v Stanley, 128 AD3d 1472, 1474 [4th Dept 2015]). Indeed, "the violation of an explicit and objective plea condition that was accepted by the defendant can result in the imposition of an enhanced sentence" (People v Pianaforte, 126 AD3d 815, 816 [2d Dept 2015]; see generally Hicks, 98 NY2d at 188). Here, the court informed defendant during the plea colloquy that it would not adhere to the sentencing promise if defendant did not "cooperate with probation" during his presentence investigation interview. The court added that defendant could not "walk into probation and say, I didn't commit this offense, my attorney forced me into it."
In his presentence investigation report, the probation officer stated that defendant "indicated that he had nothing to do with this crime" and claimed that "he took the plea . . . because his attorney told him he was looking at 20 years if he didn't." The probation officer testified consistently with that report at a subsequent hearing pursuant to People v Outley (80 NY2d 702 [1993]). The court determined that defendant violated the conditions of the sentencing promise and sentenced defendant to an enhanced term of incarceration. Inasmuch as defendant violated an explicit and objective plea condition that he accepted, we conclude that the court did not err in enhancing defendant's sentence (see Hicks, 98 NY2d at 189).
Finally, we conclude that the enhanced sentence is not unduly harsh or severe.
Entered: June 30, 2023
Ann Dillon Flynn
Clerk of the Court