People v Scott (2024 NY Slip Op 00522)

People v Scott

2024 NY Slip Op 00522

Decided on February 2, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 2, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, BANNISTER, OGDEN, AND DELCONTE, JJ.

751 KA 20-00241

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MARQUESE SCOTT, DEFENDANT-APPELLANT. 

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (NICHOLAS P. DIFONZO OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, A.J.), rendered July 29, 2019. The judgment convicted defendant upon his plea of guilty of burglary in the second degree (three counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by reducing the sentence of imprisonment imposed on each count to a determinate term of three and one-half years, and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a plea of guilty of three counts of burglary in the second degree (Penal Law § 140.25 [2]). Initially, as defendant contends and the People correctly concede, the waiver of the right to appeal was invalid because Supreme Court's "oral colloquy mischaracterized it as an absolute bar to the taking of an appeal" (People v McCrayer, 199 AD3d 1401, 1401 [4th Dept 2021]; see People v Thomas, 34 NY3d 545, 565 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]).
Defendant further contends that his plea was involuntary because he was misinformed with respect to his maximum sentencing exposure. Although this contention would survive even a valid waiver of the right to appeal (see People v Halsey, 108 AD3d 1123, 1124 [4th Dept 2013]), "[b]y failing to move to withdraw the . . . plea[ ] or to vacate the . . . judgment[ ] of conviction" on the ground asserted, "defendant failed to preserve his contention for our review" (People v Ablack, 126 AD3d 1410, 1411 [4th Dept 2015], lv denied 25 NY3d 1197 [2015]; see People v Morrison, 78 AD3d 1615, 1616 [4th Dept 2010], lv denied 16 NY3d 834 [2011]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]).
Contrary to defendant's contention, the court did not err in enhancing his sentence. It is well settled that a court may impose an enhanced sentence on a defendant if the court informs the defendant that the promised sentence is conditioned on being truthful in any subsequent presentence interview and the defendant then is not truthful in that interview (see People v Hicks, 98 NY2d 185, 187-188 [2002]; People v Terry, 217 AD3d 1582, 1582-1583 [4th Dept 2023], lv denied 40 NY3d 1041 [2023]; People v Stanley, 128 AD3d 1472, 1474 [4th Dept 2015]). Indeed, "the violation of an explicit and objective plea condition that was accepted by the defendant can result in the imposition of an enhanced sentence" (People v Pianaforte, 126 AD3d 815, 816 [2d Dept 2015]; see Terry, 217 AD3d at 1582). Here, the court informed defendant during the plea colloquy that the sentencing promise was conditioned on defendant's "full cooperation" during the presentence interview, including "being truthful" when answering the probation officer's questions.
In the presentence investigation report, the probation officer stated that defendant "said he [*2]never committed the three burglaries" to which he had pled guilty. At sentencing, the court offered to call the probation officer to testify regarding the details of the conversation with defendant; defendant declined that offer and opted to proceed with sentencing. The court then determined that defendant violated the conditions of the plea agreement and sentenced him to an enhanced term of incarceration. Inasmuch as defendant waived his right to a hearing by declining the court's offer to have the probation officer testify (see People v Alexander, 194 AD3d 1261, 1263 [3d Dept 2021], lv denied 37 NY3d 1094 [2021]; People v Cruz, 169 AD3d 611, 611 [1st Dept 2019], lv denied 33 NY3d 1068 [2019]), and the undisputed language of the presentence report reflects that defendant violated an explicit and objective plea condition that he accepted, we conclude that the court did not err in enhancing defendant's sentence (see Hicks, 98 NY2d at 189).
Defendant's contention that he was denied effective assistance of counsel because defense counsel declined the court's offer to call the probation officer to testify prior to sentencing relies on matters outside the record on appeal and must therefore be raised by motion pursuant to CPL 440.10 (see People v Spencer, 185 AD3d 1440, 1442 [4th Dept 2020]; People v Manning, 151 AD3d 1936, 1938 [4th Dept 2017], lv denied 30 NY3d 951 [2017]; People v Mangiarella, 128 AD3d 1418, 1418 [4th Dept 2015]).
We agree with defendant, however, that the enhanced sentence is unduly harsh and severe under the circumstances of this case. Defendant pled guilty with a sentence promise of between six and eight years' imprisonment, and with the possibility of a further reduction to three and one-half years' imprisonment on recommendation by the People. After defendant violated the plea agreement with his statements during the presentence interview, the court increased the sentence to an aggregate term of 15 years' imprisonment, nearly double the maximum of the original sentence promise. We conclude that a reduction in the sentence is appropriate and, as a matter of discretion in the interest of justice (see CPL 470.15 [6] [b]; People v Johnson, 136 AD3d 1417, 1418 [4th Dept 2016], lv denied 27 NY3d 1134 [2016]), we therefore modify the judgment by reducing the sentence imposed on each count to a determinate term of three and one-half years' imprisonment to be followed by five years' postrelease supervision, which thereby produces an aggregate term of imprisonment of 10½ years.
Entered: February 2, 2024
Ann Dillon Flynn
Clerk of the Court