People v Richard (2025 NY Slip Op 01114)

People v Richard

2025 NY Slip Op 01114

Decided on February 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
LOURDES M. VENTURA, JJ.

2023-03333
 (Ind. No. 74771/22)

[*1]The People of the State of New York, respondent,
v
Aaron Richard, appellant.

Patricia Pazner, New York, NY (Maisha Kamal and Lisa Napoli of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Amy Appelbaum, and Daniel Berman of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (John T. Hecht, J.), rendered March 29, 2023, convicting him of assault in the third degree as a hate crime, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant pleaded guilty to assault in the third degree as a hate crime (Penal Law §§ 120.00[1]; 485.05[1][a]), in exchange for the Supreme Court's promise that it would sentence him, as a second felony offender, to an indeterminate term of imprisonment of 1½ to 3 years. As a condition of the court's promised sentence, the defendant agreed, inter alia, (1) to cooperate with the Department of Probation (hereinafter the DOP), (2) to answer the DOP's questions truthfully, and (3) to admit to the DOP that he committed this crime. The court specifically warned the defendant, "[i]f you should deny that you committed this crime, if you should try to minimize your involvement, for example, by . . . [denying that] you intended to single [the victim] out because of [the victim's] gender or sexual orientation, I would consider that to be being uncooperative and I will punish you for that by giving you a higher sentence." The defendant appeared for his interview with the DOP and answered the questions asked, but in doing so, he said that the attack was an accident.
After a hearing at which the probation officer who prepared the presentence investigation report testified, the Supreme Court imposed an enhanced sentence. The court concluded that, during his probation interview, the defendant minimized his responsibility and denied that his conduct was intentional.
"A court is free to impose a condition as part of a plea arrangement requiring that a defendant cooperate with the DOP by, among other things, truthfully answering questions and not denying guilt during a probation department interview. The violation of an explicit and objective plea condition that was accepted by the defendant can result in the imposition of an enhanced sentence" (People v Volpe, 226 AD3d 708, 709 [alteration and internal quotation marks omitted]; see People v Hicks, 98 NY2d 185, 189; People v Pianaforte, 126 AD3d 815, 816).
Here, the condition of the defendant's plea that he cooperate with the DOP by, inter [*2]alia, not minimizing his conduct was explicit and objective, and was acknowledged, understood, and accepted by the defendant as part of the plea agreement (see People v Hicks, 98 NY2d at 189). The defendant violated that condition by, among other things, denying that his conduct was intentional, and this violation permitted the Supreme Court to impose the enhanced sentence (see id.; People v Ramirez, 175 AD3d 569, 570).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
BARROS, J.P., MILLER, DOWLING and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court