People v Shorter (2025 NY Slip Op 01478)

People v Shorter

2025 NY Slip Op 01478

Decided on March 14, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CURRAN, J.P., SMITH, GREENWOOD, DELCONTE, AND HANNAH, JJ.

120 KA 23-00464

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
WAYNE . SHORTER, DEFENDANT-APPELLANT. 

RYAN JAMES MULDOON, AUBURN, FOR DEFENDANT-APPELLANT. 
BRITTANY GROME ANTONACCI, DISTRICT ATTORNEY, AUBURN (CHRISTOPHER T. VALDINA OF COUNSEL), FOR RESPONDENT. 

 Appeal from a resentence of the Cayuga County Court (Thomas G. Leone, J.), rendered October 14, 2022. Defendant was resentenced upon his conviction of driving while intoxicated, a class D felony, and aggravated unlicensed operation of a motor vehicle in the first degree. 
It is hereby ORDERED that the resentence so appealed from is unanimously affirmed.
Memorandum: Defendant was convicted, upon his plea of guilty, of driving while intoxicated (DWI) as a class D felony (Vehicle and Traffic Law §§ 1192 [3]; 1193 [1] [c] [ii]) and aggravated unlicensed operation of a motor vehicle in the first degree (§ 511 [3] [a] [i]). County Court initially imposed an enhanced sentence upon determining that defendant had violated a condition of the plea agreement, but the court subsequently granted defendant's motion pursuant to CPL 440.20 to vacate the sentence on the ground that defendant was entitled to a hearing pursuant to People v Outley (80 NY2d 702 [1993]). Following the hearing, the court again imposed an enhanced sentence. Defendant now appeals from the resentence.
We note at the outset that, inasmuch as "the resentence occurred more than 30 days after the original sentence and the only notice of appeal is from the resentence, defendant's appeal is from the resentence only" (People v Coble, 17 AD3d 1165, 1165 [4th Dept 2005], lv denied 5 NY3d 787 [2005]; see CPL 450.30 [3]; People v Lett, 42 AD3d 970, 970 [4th Dept 2007], lv denied 9 NY3d 962 [2007]). Defendant's contention that his plea was not knowingly, voluntarily, or intelligently entered is not reviewable on appeal from the resentence (see CPL 450.30 [3]; Lett, 42 AD3d at 970; People v Luddington, 5 AD3d 1042, 1042 [4th Dept 2004], lv denied 3 NY3d 643 [2004]; see generally People v Jordan, 16 NY3d 845, 846 [2011]).
Contrary to defendant's further contention, we conclude that the court did not err in resentencing him to an enhanced sentence. "[A] court may impose an enhanced sentence on a defendant if the court informs the defendant that the promised sentence is conditioned on being truthful in any subsequent presentence interview and the defendant then is not truthful in that interview" (People v Terry, 217 AD3d 1582, 1582 [4th Dept 2023], lv denied 40 NY3d 1041 [2023]; see People v Hicks, 98 NY2d 185, 187-188 [2002]). Indeed, " 'the violation of an explicit and objective plea condition that was accepted by the defendant can result in the imposition of an enhanced sentence' " (Terry, 217 AD3d at 1582; see generally Hicks, 98 NY2d at 188).
Here, defendant admitted during the plea colloquy, among other things, that his driver's license had been revoked due to a prior DWI conviction and he thus knew that he was not supposed to be driving. The court informed defendant during the plea proceeding that it would not be bound by the sentencing promise if defendant did not "cooperate with probation" during the presentence investigation interview. The court explained that, as part of such cooperation, defendant could not "step back" from his admissions by claiming, for example, that he lacked knowledge that his driver's license was revoked. According to the presentence report, however, [*2]defendant told the probation officer that he was "unaware that he did not have a driver[']s license." Contrary to defendant's assertion, the probation officer's testimony at the Outley hearing, considered in its entirety, was consistent with the report inasmuch as the probation officer specifically clarified that defendant denied that he knew at the time of his arrest that his driver's license was revoked (see Terry, 217 AD3d at 1583). Inasmuch as the record therefore establishes that defendant violated an explicit and objective plea condition that he accepted, we conclude that the court did not err in imposing an enhanced sentence (see Hicks, 98 NY2d at 189; Terry, 217 AD3d at 1582-1583).
We reject defendant's contention that the enhanced sentence imposed upon resentencing is unduly harsh and severe. Finally, as defendant contends and the People correctly concede, the certificate of disposition and the uniform sentence and commitment form should be amended to correct clerical errors by reflecting that defendant was convicted of DWI as a class D felony under Vehicle and Traffic Law §§ 1192 (3) and 1193 (1) (c) (ii) (see People v Brown, 221 AD3d 1565, 1566 [4th Dept 2023]; People v Vivenzio, 124 AD3d 1352, 1353 [4th Dept 2015], lv denied 25 NY3d 993 [2015]).
Entered: March 14, 2025
Ann Dillon Flynn
Clerk of the Court