People v Rodney (2026 NY Slip Op 00668)

People v Rodney

2026 NY Slip Op 00668

Decided on February 11, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: MONTOUR, J.P., SMITH, GREENWOOD, NOWAK, AND HANNAH, JJ.

45 KA 22-01435

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
vKEITH RODNEY, DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER, EASTON THOMPSON KASPEREK SHIFFRIN LLP (BRIAN SHIFFRIN OF COUNSEL), FOR DEFENDANT-APPELLANT. 
BRIAN P. GREEN, DISTRICT ATTORNEY, ROCHESTER (AERON SCHWALLIE OF COUNSEL), FOR RESPONDENT. 

 Appeal from a resentence of the Monroe County Court (Richard M. Healy, A.J.), rendered August 22, 2022. Defendant was resentenced upon a conviction of murder in the second degree. 
It is hereby ORDERED that said appeal is unanimously dismissed.
Memorandum: Defendant was convicted upon a jury verdict of six counts of criminal possession of a weapon in the second degree (Penal Law § 265.03 [1] [b]; [3]) and one count of murder in the second degree (Penal Law § 125.25 [1]). Defendant now appeals from a resentence pursuant to which County Court set aside the verdict with respect to all six counts of criminal possession of a weapon in the second degree inasmuch as defendant was not criminally responsible for those crimes by reason of infancy (CPL 310.85; Penal Law § 30.00), vacated the sentences imposed thereon, and resentenced defendant to an indeterminate term of 15 years to life imprisonment on his conviction of murder in the second degree. Inasmuch as "the resentence occurred more than 30 days after the original sentence and the only notice of appeal is from the resentence, defendant's appeal is from the resentence only" (People v Coble, 17 AD3d 1165, 1165 [4th Dept 2005], lv denied 5 NY3d 787 [2005]; see CPL 450.30 [3]; People v Shorter, 236 AD3d 1357, 1358 [4th Dept 2025], lv denied 43 NY3d 1048 [2025]; People v Lett, 42 AD3d 970, 970 [4th Dept 2007], lv denied 9 NY3d 962 [2007]). Defendant's contentions on appeal regarding the original judgment are thus " 'not properly before us inasmuch as there is no notice of appeal from the original judgment in the record . . . , nor is there otherwise any indication in the record that an appeal from that judgment was perfected' " (People v Dexter, 71 AD3d 1504, 1504 [4th Dept 2010], lv denied 14 NY3d 887 [2010]; see People v Parrilla, 227 AD3d 1419, 1419 [4th Dept 2024]; People v Williams, 163 AD3d 1420, 1421 [4th Dept 2018]). Inasmuch as defendant does not raise any contentions regarding the resentence, we dismiss the appeal (see
People v Lewis, 232 AD3d 1316, 1316 [4th Dept 2024]; Parrilla, 227 AD3d at 1419-1420).
Entered: February 11, 2026
Ann Dillon Flynn
Clerk of the Court