People v Abreu (2026 NY Slip Op 01206)

People v Abreu

2026 NY Slip Op 01206

Decided on March 4, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 4, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LILLIAN WAN
LAURENCE L. LOVE
ELENA GOLDBERG VELAZQUEZ, JJ.

2023-08811
 (Ind. No. 73923/22)

[*1]The People of the State of New York, respondent,
vJonael Abreu, appellant.

Patricia Pazner, New York, NY (Victoria L. Benton of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Danielle M. O'Boyle, and Catherine J. Kim of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Ira H. Margulis, J.), rendered September 18, 2023, convicting him of assault in the first degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant entered a plea of guilty to assault in the first degree (Penal Law § 120.10[1]), in exchange for the Supreme Court's promise that it would sentence him to a term of imprisonment of 13 years, to be followed by 5 years of postrelease supervision. As a condition of the court's promised sentence, the defendant agreed, inter alia, to cooperate with the Department of Probation (hereinafter the DOP) and was specifically warned that "If you do talk to them, and I read anything from them like, Oh I took the plea because I thought it was a good deal, but I didn't do anything . . . you will not get your plea back, and I will give you 25 years in jail." The defendant was interviewed by the DOP and denied his guilt, indicating that he intended to take back his plea at sentencing.
"'A court is free to impose a condition as part of a plea arrangement requiring that a defendant cooperate with the DOP by, among other things, truthfully answering questions and not denying guilt during a DOP interview. The violation of an explicit and objective plea condition that was accepted by the defendant can result in the imposition of an enhanced sentence'" (People v Richard, 235 AD3d 1012, 1013, quoting People v Volpe, 226 AD3d 708, 709; see People v Hicks, 98 NY2d 185, 189). "Due process . . . requires that, before imposing an enhanced sentence, the court conduct an inquiry sufficient for it to determine that the defendant indeed violated the plea condition" (People v Guzman-Hernandez, 135 AD3d 957, 957; see People v Valencia, 3 NY3d 714, 715).
Here, the condition of the defendant's plea agreement that he cooperate with the DOP by, inter alia, not claiming that he "didn't do anything" was explicit and objective, and was acknowledged, understood, and accepted by the defendant as part of the plea agreement (see People v Hicks, 98 NY2d at 189; People v Richard, 235 AD3d 1012). The defendant violated that condition by, among other things, denying his involvement in the subject crime, and this violation permitted [*2]the Supreme Court to impose an enhanced sentence (see People v Hicks, 98 NY2d at 189; People v Ramirez, 175 AD3d 569, 570). Accordingly, the court did not err in imposing an enhanced sentence.
Contrary to the defendant's contention, he was not deprived of his constitutional right to counsel at sentencing, as defense counsel did not take a position on the defendant's motion to withdraw his plea of guilty that was adverse to the defendant (see People v Mitchell, 21 NY3d 964; People v Stratton, 237 AD3d 861). Therefore, contrary to the defendant's contention, the appointment of a new attorney to represent him on that motion was not required (see People v Edwards, 223 AD3d 840, 841; People v Pointer, 218 AD3d 499, 500).
The defendant's valid "waiver of the right to appeal does not extend to the imposition of the enhanced sentence because the Supreme Court did not inform the defendant of the maximum sentence which could be imposed if he failed to comply with the conditions of the plea until after he agreed to waive his right to appeal" (People v Wynne, 206 AD3d 1013, 1014; see People v McNeil, 164 AD3d 608, 608). Thus, the waiver does not preclude appellate review of his excessive sentence claim. However, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contention is without merit.
BRATHWAITE NELSON, J.P., WAN, LOVE and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court