THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
CALVIN KINLOCH, Appellant. [777 NYS2d 185]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Wong, J.), rendered September 17, 2002, convicting him of attempted robbery in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the Supreme Court erred as a matter of law because it promised to adjudicate him a youthful offender (*see* CPL 720.10, 720.20; Penal Law § 60.02), as part of his guilty plea, conditioned *only* upon his eligibility for such treatment and then failed to do so even though he was eligible. Assuming that this issue survives the defendant's otherwise effective appellate waiver (*see People v Covell*, 276 AD2d 824 [2000]; *People v Hendricks*, 270 AD2d 944 [2000]; *cf. People v White*, 3 AD3d 543 [2004]; *People v Muhammad*, 3 AD3d 585 [2004]), it is unpreserved for appellate review because the defendant failed to move to withdraw his guilty plea (*see People v Pike*, 276 AD2d 649 [2000]). Moreover, even on appeal the defendant eschews withdrawal of his plea. The only relief he requests is specific performance of the original plea bargain pursuant to which he was to be sentenced as a youthful offender. Specific performance, however, is unavailable (*see People v Rubendall*, 4 AD3d 13 [2004]).

In any event, the record supports the People's contention that the Supreme Court's promise to sentence the defendant as a youthful offender was conditioned upon the defendant speaking truthfully with the probation officer who would be conducting the interview for his pre-sentence report, and that the defendant violated this condition by falsely protesting his innocence in contravention of his sworn guilty plea. The court was thus justified in imposing sentence upon the defendant as an adult (*see People v Perkins*, 188 AD2d 281 [1992]).

The defendant's remaining contentions are without merit. Smith, J.P., H. Miller, S. Miller and Luciano, JJ., concur.