THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELVIN BUTLER, Appellant. [854 NYS2d 506]—

The form waiver of the right to appeal signed by the defendant contained a misstatement of the applicable law and was misleading (*see People v Pollenz,* 67 NY2d 264 [1986]; *People v Hurd,* 44 AD3d 791, 792 [2007], *lv denied* 9 NY3d 1006 [2007]). Therefore, the purported waiver was invalid and appellate review of the defendant's claim that the sentence imposed was excessive is not foreclosed.

We note that, apart from the invalidity of the waiver, a general waiver of the right to appeal does not foreclose review of the defendant's contention that he was denied due process in the hearing conducted to determine if he violated a condition of the plea agreement (*see People v Kitchens,* 46 AD3d 577 [2007]; *People v Garner,* 18 AD3d 669, 669-670 [2005]; *People v Stowe,* 15 AD3d 597, 598 [2005]). The hearing that was conducted was thorough and sufficient to support the Supreme Court's determination that the defendant's statements to the probation department were untruthful (*see People v Kinloch,* 7 AD3d 734, 735 [2004]). The hearing was conducted in accordance with the requirements of due process (*see People v Valencia,* 3 NY3d 714 [2004]; *People v Hicks,* 98 NY2d 185 [2002]; *People v Outley,* 80 NY2d 702 [1993]). The condition of the plea that the defendant be truthful in responding to the inquiries of the probation department was explicit and objective, and was acknowledged, understood, and accepted by the defendant as part of the plea agreement. The defendant's violation of that condition allowed the Supreme Court to impose the enhanced sentence.

The enhanced sentence was part of the negotiated plea agreement (*see People v McCauley,* 37 AD3d 739 [2007]; *People v Rosato,* 37 AD3d 741 [2007]; *People v Rodriguez,* 32 AD3d 481 [2006]). In any event, the defendant's contention that the sentence imposed was excessive is without merit (*see People v Suitte,* 90 AD2d 80 [1982]). Rivera, J.P., Ritter, Carni and Leventhal, JJ., concur.