■ The People of the State of New York, Respondent, v Yolanda Blackwell, Appellant. [879 NYS2d 187]—

Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Molea, J.), rendered October 2, 2007, convicting her of assault in the first degree, upon her plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant pleaded guilty to assault in the first degree in exchange for an agreed-upon sentence. During the plea colloquy, the defendant stated she understood that one of the conditions of the plea agreement was that if she chose to answer the questions posed by the Department of Probation, she would do so truthfully and in a manner consistent with that which she told the court during the plea hearing. She also indicated she understood that if she violated this condition, the court would not allow her to withdraw her plea and would impose an enhanced sentence, up to the maximum allowed.

Contrary to the defendant's contention, this condition was explicit, objective, and accepted by the defendant (cf. People v Hicks, 98 NY2d 185, 189 [2002]; People v Outley, 80 NY2d 702 [1993]; People v Butler, 49 AD3d 894, 895 [2008]). Moreover, her denial to the Department of Probation that she had deliberately hurt her son, and her insistence that her only wrongdoing was her failure to check the temperature of the bath water, were not consistent with her plea of guilty, in which she stated that she had intended to cause serious physical injury to her son by placing him in the scalding water (cf. Penal Law § 120.10 [1]). Accordingly, the Supreme Court properly imposed an enhanced sentence based on the defendant's violation of the plea agreement.

The defendant's remaining contention is without merit. Mastro, J.P., Miller, Chambers and Austin, JJ., concur.