■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THERESA JACKSON, Appellant. [890 NYS2d 146]—

Stein, J. Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered February 11, 2008, convicting defendant upon her plea of guilty of the crime of attempted criminal possession of a forged instrument in the second degree.

In full satisfaction of a superior court information and a separate indictment, defendant pleaded guilty to one count of attempted criminal possession of a forged instrument in the second degree, waived her right to appeal, and was to receive an agreed-upon prison sentence of 1½ to 3 years. In her plea allocution, defendant admitted that she attempted to purchase items with what she knew to be counterfeit money. Defendant was advised that, as part of the plea agreement, if she failed to cooperate with the Probation Department in preparing a presentence investigation report and answer all questions put to her truthfully and consistent with her admissions in the plea colloquy, an enhanced sentence of up to 2 to 4 years in prison could be imposed. On the date on which defendant's sentencing was scheduled, County Court noted that the presentence investigation report indicated that defendant had made statements to the probation officer that were inconsistent with statements made to the court in the plea colloquy. Defendant denied

having done so and a hearing ensued. Following the hearing, County Court determined that defendant had made such an inconsistent statement regarding her knowledge of the money being counterfeit and had, therefore, violated the plea agreement. Defendant was accordingly sentenced to a prison term of 2 to 4 years and now appeals.

We affirm. Defendant's sole argument on appeal is that County Court erred in finding that she had violated the plea agreement. Initially, we note that defendant's argument survives her waiver of the right to appeal (*see People v Terrell*, 41 AD3d 1044, 1045 [2007]) and is preserved for our review given her denial of having violated the plea agreement, which resulted in a hearing and subsequent determination by County Court (*see* CPL 470.05 [2]; *People v McClemore*, 276 AD2d 32, 36 [2000]; *cf. People v Delayo*, 52 AD3d 1114, 1115 [2008], *lv denied* 11 NY3d 787 [2008]). Turning to the merits of defendant's argument, the probation officer who interviewed defendant testified at the hearing that defendant had been asked approximately four times whether she knew that the money she possessed was counterfeit and repeatedly denied having such knowledge. According deference to County Court's credibility determinations (*see People v Scott*, 29 AD3d 1025, 1027 [2006]), sufficient evidence existed to conclude that defendant had violated the plea agreement (*see People v Valencia*, 3 NY3d 714, 715 [2004]; *People v Butler*, 49 AD3d 894, 895 [2008], *lv denied* 10 NY3d 932 [2008]).

Cardona, P.J., Peters, Kane and Garry, JJ., concur. Ordered that the judgment is affirmed.