■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEANDRE TAYLOR, Appellant. [930 NYS2d 674]—

In November 2004 the defendant pleaded guilty to criminal sale of a controlled substance in the fifth degree under superior court information No. 6563/04 based on a sale of drugs that took place one month earlier (hereinafter the 2004 case). In exchange, he was promised that, upon his successful completion of a drug treatment program, the case would be dismissed. In the event he did not successfully complete treatment, he would be sentenced to a specified prison term.

In the spring of 2006, while participating in the drug treatment program, the defendant was charged, under indictment No. 1327/06, with conspiracy in the first degree (two counts) (Penal Law § 105.17) and conspiracy in the second degree (two counts) (Penal Law § 105.15) (hereinafter the 2006 case). The first two counts were later dismissed, and the third and fourth counts were reduced to conspiracy in the fourth degree (Penal Law § 105.10). The indictment alleged that, between August 2001 and May 2006, more than 100 people, including the defendant, engaged in conspiracies to distribute narcotics.

When he was charged in the 2006 case, the defendant denied that he committed any misconduct after he had entered his plea in November 2004, and he asked to be returned to the treatment program, but he was remanded. The People asserted that the defendant engaged in continuing narcotics activity after he had entered the plea in November 2004, including at least one sale of narcotics in 2005, about which a witness had testified before the grand jury. The People, however, refused to disclose to the defendant the evidence or the details of that alleged 2005 drug sale, including the date on which it allegedly took place. Eventually, without examining the grand jury minutes or making a finding that the defendant had engaged in misconduct after he pleaded guilty to criminal sale of a controlled substance

in the fifth degree in November 2004, the Supreme Court sentenced the defendant to a term of imprisonment in the 2004 case. Several days later, the defendant pleaded guilty to conspiracy in the fourth degree in the 2006 case upon being promised that his sentence would run concurrently with the term imposed in the 2004 case.

The defendant claims that he was deprived of due process of law in the 2004 case involving the sale of drugs when he was sentenced to prison without any evidence that he had committed misconduct after he pleaded guilty. Under the circumstances, we agree.

Sentencing is a "critical stage" of a criminal proceeding and must satisfy due process (*People v Fiammegta*, 14 NY3d 90, 96 [2010] [internal quotation marks omitted]; *see People v Hansen*, 99 NY2d 339, 345 [2003]; *People v Outley*, 80 NY2d 702, 712 [1993]). A defendant may not be sentenced on the basis of " 'materially untrue' facts or misinformation" (*People v Hansen*, 99 NY2d at 345, quoting *People v Naranjo*, 89 NY2d 1047, 1049 [1997]). Due process requires a sentencing court faced with an allegation that a defendant violated a condition of the plea to satisfy itself that there is a legitimate basis for such a finding (*see People v Fiammegta*, 14 NY3d at 97; *People v Valencia*, 3 NY3d 714, 715 [2004]; *People v Outley*, 80 NY2d at 712). Here, the Supreme Court never examined any evidence that the defendant had engaged in post-plea misconduct because of the People's refusal to disclose that evidence of the alleged 2005 drug sale to the defendant, or even to give him sufficient information about when it took place. Consequently, the Supreme Court sentenced the defendant to a term of imprisonment in the 2004 case without any evidence or a finding that he committed misconduct after he pleaded guilty. In light of the People's refusal to disclose to the defendant such evidence, or at least sufficient information for the defendant to contest it in the Supreme Court, and in light of the defendant's completion of his sentences in both the 2004 and the 2006 cases, we see no reason to remit the case to the Supreme Court for a hearing under *People v Outley* (80 NY2d 702 [1993]; *see People v Fiammegta*, 14 NY3d at 96; *cf. Torres v Berbary*, 340 F3d 63, 71 [2003]). Rather, under the circumstances, the judgment convicting the defendant of criminal sale of a controlled substance in the fifth degree under superior court information No. 6563/04 should be reversed, the plea of guilty to criminal sale of a controlled substance in the fifth degree vacated, and the superior court information dismissed.

Although the defendant would be entitled to reversal of the

judgment in the 2006 case and withdrawal of his plea of guilty to conspiracy in the fourth degree in light of our reversal of the judgment in the 2004 case (*see People v Williams*, 17 NY3d 834 [2011]; *People v Fuggazzatto*, 62 NY2d 862, 863 [1984]), he does not seek that relief, since he has already served his sentences in both the 2004 and 2006 cases. Instead, contending that his indictment for conspiracy in the 2006 case violated his right to due process, the defendant seeks dismissal of the indictment in the 2006 case. In essence, he contends that the 2004 plea of guilty to criminal sale of a controlled substance in the fifth degree covered all of his misconduct before the plea, and that there was no evidence that he committed misconduct after that plea. The defendant, however, did not preserve this claim for appellate review in the Supreme Court by appropriate motion (*see* CPL 470.05 [2]), and, under the circumstances, we decline to review it in the exercise our interest of justice jurisdiction. Skelos, J.P., Balkin, Leventhal and Hall, JJ., concur.