■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD BRAGG, Appellant. [946 NYS2d 890]—

Appeal by the defendant from a judgment of the County Court, Dutchess County (T. Dolan, J.), rendered July 22, 2010, convicting him of attempted criminal sexual act in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant pleaded guilty to attempted criminal sexual act in the first degree in exchange for an agreed-upon sentence. During the plea colloquy, the defendant acknowledged that one of the conditions of the plea agreement was that he cooperate fully with and tell the truth to the Probation Department in connection with its preparation of the presentence report, and that he not minimize his conduct. Additionally, the court advised the defendant that, if he failed to honor the terms of the plea agreement, he could be subject to an enhanced sentence, and the court would not permit him to withdraw his plea.

The defendant's contentions that the County Court's warnings concerning the consequences of his failure to comply with the terms of his plea agreement were insufficient, and that the court erred in failing to hold a hearing to determine whether he violated a term of his plea agreement before sentencing him to an enhanced term of imprisonment, are unpreserved for appellate review (see CPL 470.05 [2]; People v Dietz, 66 AD3d 1400 [2009]; People v Maglione, 18 AD3d 670 [2005]). In any event, the defendant's contentions are without merit. Contrary to the defendant's contention, the County Court's warning was "explicit and objective, and was acknowledged, understood, and accepted by the defendant as part of the plea agreement" (People v Butler, 49 AD3d 894, 895 [2008]; see People v Blackwell, 62 AD3d 896, 897 [2009]; see also People v Hicks, 98 NY2d 185, 189 [2002]). Furthermore, in his interviews with the Probation Department, the defendant did not admit to any wrongdoing, stated that he did nothing illegal, "denied . . . having committed the offense to which he pled guilty," "denie[d] that he committed any crime," and terminated the interview, preventing the probation officer from completing the investigation. Under the circumstances of this case, the County Court properly determined that the defendant violated the term of the plea agreement which required him to cooperate with the Probation Department, answer its questions truthfully, and not minimize

his conduct, and the court properly imposed an enhanced sentence based on the defendant's violation of the plea agreement (*see People v Blackwell*, 62 AD3d at 897; *People v Butler*, 49 AD3d at 895; *see generally People v Hicks*, 98 NY2d 185 [2002]; *People v Outley*, 80 NY2d 702 [1993]). Skelos, J.P., Dickerson, Leventhal and Roman, JJ., concur.