■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY PATTERSON, Appellant. [964 NYS2d 233]—

Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Collini, J.), rendered February 25, 2010, convicting him of assault in the second degree, criminal possession of stolen property in the fourth degree, and criminal possession of stolen property in the fifth degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

A general waiver of the right to appeal does not foreclose review of the defendant's contention that his post-plea conduct did not warrant an enhanced sentence (*see People v Butler*, 49 AD3d 894, 895 [2008]; *People v Kitchens*, 46 AD3d 577 [2007]; *People v Garner*, 18 AD3d 669, 669-670 [2005]; *People v Stowe*, 15 AD3d 597, 598 [2005]). However, a failure to abide by a condition of a plea agreement to truthfully answer questions asked by the probation department is an appropriate basis for the enhancement of the defendant's sentence (*see People v Hicks*, 98 NY2d 185 [2002]). The condition of the defendant's plea that he cooperate with the probation department was explicit and objective, and was acknowledged, understood, and accepted by the defendant as part of the plea agreement (*see People v Butler*, 49 AD3d at 895; *People v Blackwell*, 62 AD3d 896, 897 [2009]). The defendant's violation of that condition, by refusing to be interviewed by the probation officer, allowed the Supreme Court to impose the enhanced sentence.

The defendant's valid waiver of his right to appeal forecloses appellate review of his challenge, raised in his pro se supplemental brief, to the hearing court's suppression determination (*see People v Kidd*, 100 AD3d 779 [2012], *lv denied* 20 NY3d 1062

[2013]; *People v Kemp*, 94 NY2d 831, 833 [1999]; *People v Holland*, 44 AD3d 874 [2007]; *People v Brathwaite*, 263 AD2d 89, 91 [2000]).

Since the defendant's claim of ineffective assistance of counsel, raised in his pro se supplemental brief, does not directly involve the negotiation of his plea of guilty, the defendant forfeited that claim by pleading guilty (*see People v Turner*, 40 AD3d 1018, 1019 [2007]; *People v Petgen*, 55 NY2d 529, 535 n 3 [1982]; *People v Silent*, 37 AD3d 625 [2007]; *People v Cumba*, 32 AD3d 444 [2006]).

The defendant's claims in his pro se supplemental brief that the felony complaint and the indictment were jurisdictionally insufficient survive his plea of guilty (*see People v Hansen*, 95 NY2d 227, 230 [2000]) and his waiver of his right to appeal (*see People v Crummell*, 84 AD3d 1393 [2011]; *People v Libby*, 246 AD2d 669 [1998]). However, these claims are without merit (*see* CPL 100.15, 100.40; *People v Iannone*, 45 NY2d 589, 600 [1978]; *People v Gerber*, 182 AD2d 252, 266-267 [1992]). Mastro, J.P., Hall, Lott and Sgroi, JJ., concur.