Appeal by the defendant from a judgment of the County Court, Dutchess County (Greller, J.), dated March 12, 2013, convicting him of assault in the second degree, upon his plea of guilty, and imposing sentence.
Ordered that the judgment is affirmed.
*1085 A defendant’s “failure to abide by a condition of a plea agreement to truthfully answer questions asked by [a] probation department is an appropriate basis for the enhancement of the defendant’s sentence” (People v Patterson, 106 AD3d 757, 757 [2013]; see People v Hicks, 98 NY2d 185 [2002]). Here, the plea condition requiring the defendant to cooperate with the Dutchess County Office of Probation and Community Corrections (hereinafter the OPCC) was explicit and objective, and the plea allocution reveals that the defendant acknowledged, understood, and accepted such condition (see People v Patterson, 106 AD3d at 757; People v Butler, 49 AD3d 894, 895 [2008]; People v Blackwell, 62 AD3d 896, 897 [2009]). Accordingly, the Supreme Court properly imposed an enhanced sentence based upon the defendant’s violation of the condition by refusing to be interviewed by the OPCC.
The defendant’s remaining contentions are without merit.
Dillon, J.P, Leventhal, Sgroi and Maltese, JJ., concur.