[993 NYS2d 432]

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v SAMIR TALBI, Respondent.

Supreme Court, Appellate Term, Second Department,
2d, 11th and 13th Judicial Districts, July 24, 2014

---

APPEARANCES OF COUNSEL

*Kevin Costello*, Flushing, for appellant.

*Richard A. Brown*, *District Attorney*, Kew Gardens (*John M. Catellano*, *William H. Branigan* and *Michelle W. Witten* of counsel), for respondent.

### OPINION OF THE COURT

MEMORANDUM.

Ordered that the sentence of one year's incarceration is reversed, on the facts and as a matter of discretion in the interest of justice, and defendant is resentenced to 60 days' incarceration.

On April 15, 2011, the People initially charged defendant, in a felony complaint, with strangulation in the second degree (Penal Law § 121.12), several misdemeanors, including assault in the third degree (Penal Law § 120.00 [1]), and a violation, alleging, in essence, that, on two occasions, defendant had attacked a female victim, inflicting physical injury. On August 18, 2011, defendant accepted a plea and sentencing agreement whereby he would plead guilty to an added charge of assault in the third degree (Penal Law § 120.00 [2]) in satisfaction of the accusatory instrument and be sentenced to 60 days' incarceration and three years' probation. Following the entry of the plea, pursuant to which defendant admitted no facts with respect to the charge, the Criminal Court imposed presentencing conditions, among which were the requirements that he be "truthful" during the Department of Probation interview and that he "not deny [his] guilt."

According to the probation report, which stated as fact that defendant had committed acts which established, among other

things, the offense of strangulation in the second degree, defendant expressed to the probation officer his belief that the victim had lied to the police, admitted to a "physical altercation" with the victim and that he had "pushed" her, but denied having "put his hands on her let alone tried to strangle her." In the course of sentencing, a hearing was held in which defendant first denied and then, after intense judicial questioning, admitted that he had "lied" during the Probation Department interview, but without identifying the specifics of the lie or lies. The Criminal Court concluded that, by the above-quoted statements, defendant had untruthfully "repudiated his guilt," and imposed an enhanced sentence of one year's incarceration. Defendant served the sentence, and, as limited by his brief, appeals the enhanced sentence in light of the significance of the sentence upon his immigration status.

While defendant protested the finding that he had violated a presentence condition, he neither "move[d] to withdraw [the] plea based upon the potential imposition of an enhanced sentence . . . [n]or move[d] to vacate the judgment of conviction thereafter" (*People v Haynes*, 14 AD3d 789, 790-791 [2005]). Nevertheless, we may review the propriety of the enhanced sentence in the interest of justice (*cf. People v Caza*, 115 AD3d 1118 [2014]) in view of the remaining, significant collateral consequence of the one-year sentence upon defendant's immigration status (*see generally People v Peque*, 22 NY3d 168, 176 [2013] ["(D)eportation is a plea consequence of . . . tremendous importance (and) grave impact"]). The fact that defendant has served the sentence does not render the appeal academic, as it is not the severity of the sentence per se that is the gravamen of the appeal (*United States v Mercurris*, 192 F3d 290, 293 [2d Cir 1999]; *see People v Trombley*, 111 AD3d 984 [2013]; *cf. People v Izzatov*, 37 Misc 3d 131[A], 2012 NY Slip Op 51976[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]).

It is well settled that, at a plea proceeding, a court may impose conditions with respect to a defendant's conduct prior to sentencing and may enhance the agreed-upon sentence if a condition is not met (*People v Hicks*, 98 NY2d 185, 188 [2002]). Legitimate conditions include requirements that the defendant answer truthfully questions asked by a probation department (*id.* at 187; *People v Patterson*, 106 AD3d 757 [2013]) and "not minimize his [or her] conduct" (*People v Bragg*, 96 AD3d 1071, 1071 [2012]). The legitimacy of these conditions derives, at least in part, from the recognition that a presentence report prepared

by a probation department "may well be the single most important document at both the sentencing and correctional levels of the criminal process" (*Hicks*, 98 NY2d at 189 [internal quotation marks and citation omitted]; *see also People v Mingo*, 12 NY3d 563, 573 [2009]; *People v Zobe*, 82 AD3d 1017, 1019 [2011]; *People v Butler*, 49 AD3d 894, 895 [2008]). Consequently, a defendant who, while awaiting sentencing, denies facts essential to the commission of the offense to which, in the course of the plea proceeding and under oath, he or she had admitted, establishes a basis for a finding that the defendant untruthfully denied his or her guilt (*e.g. People v Becker*, 80 AD3d 795, 796 [2011]; *People v Blackwell*, 62 AD3d 896, 897 [2009]; *People v Faulkner*, 54 AD3d 1134, 1135 [2008]; *cf. People v Bragg*, 96 AD3d 1071). Here, however, in the course of the plea allocution, defendant admitted to no facts as to the manner in which the offense to which he pleaded had been committed, asserting only conclusorily that he was guilty of an offense which had been added by the prosecution for pleading purposes. Necessarily, there could be no condition requiring that he "be truthful with the Department of Probation concerning the underlying facts of the crimes to which he pleaded guilty" (*People v Livingston*, 96 AD3d 688, 688-689 [2012]; *see e.g. People v Zobe*, 82 AD3d at 1019 [enhanced sentence vacated where it had not been established that the defendant had breached the condition "that he answer the probation department's questions truthfully," inasmuch as the statements at issue did not contradict statements made to the court during the plea proceedings]; *People v Becker*, 80 AD3d at 796 [although the defendant provided answers to a probation officer's questions "that were not consistent with the representations that defendant made at the time he entered his guilty pleas," the defendant did not thereby violate a presentence condition that he "cooperate" with the Probation Department's investigation because the trial court "never explicitly required defendant to provide answers to the Probation Department that were in conformity with his responses during the plea allocutions"]). Indeed, no facts regarding any of the offenses initially charged were established at any fact-finding proceeding prior to the plea, and we do not find that the Probation Department's view of the facts establishes the standard of truth against which a defendant's penal liability for contradicting those facts may be measured. Further, while defendant admitted that he had lied to the probation officer, there were no factual determinations as to precisely which state-

ments constituted the lies to which he admitted, and it cannot be inferred that these lies were of a nature that implicated the purposes for which the conditions were imposed. The violation of the condition could not be based on defendant's having untruthfully "repudiated" his guilt, as there is nothing inconsistent between the quoted remarks and his violation of Penal Law § 120.00 (2). The court imposed no condition that he "not minimize his conduct," the facts of which, as noted, were not established at the plea (*People v Bragg*, 96 AD3d 1071).

Accordingly, the sentence is reversed and defendant is resentenced to 60 days' incarceration.

PESCE, P.J., ALIOTTA and ELLIOT, JJ., concur.