■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BYRON RODAS, Appellant. [16 NYS3d 591]—Appeal by the defendant from a judgment of the County Court, Dutchess County (Forman, J.), rendered October 31, 2013, convicting him of course of sexual conduct against a child in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the People's contention, the defendant's general waiver of the right to appeal does not foreclose review of his

contentions that the evidence was insufficient to support the County Court's conclusion that he violated a condition of his interim probation, and that he was deprived of due process at the hearing conducted by the County Court (*see People v Dissottle*, 68 AD3d 1542, 1544 [2009]; *People v Jackson*, 67 AD3d 1252, 1253 [2009]; *People v Butler*, 49 AD3d 894, 895 [2008]; *see also People v Patterson*, 106 AD3d 757, 757 [2013]). Moreover, those arguments of the defendant are preserved for appellate review (*see People v Albergotti*, 17 NY3d 748, 750 [2011]). However, the contentions are without merit.

"Sentencing is a critical stage of the criminal proceeding and must satisfy the requirements of due process" (*People v Youmans*, 106 AD3d 1036, 1036 [2013]; *see People v Fiammegta*, 14 NY3d 90, 96 [2010]; *People v Outley*, 80 NY2d 702, 712 [1993]). In order to comply with due process, "the sentencing court must assure itself that the information upon which it bases the sentence is reliable and accurate" (*People v Outley*, 80 NY2d at 712; *see People v Youmans*, 106 AD3d at 1037). Moreover, a sentencing court faced with an allegation that a defendant violated a condition of a plea agreement must conduct an inquiry sufficient "to satisfy itself that there is a legitimate basis for such a finding" (*People v Taylor*, 88 AD3d 821, 823 [2011]; *see People v Fiammegta*, 14 NY3d at 98; *People v Valencia*, 3 NY3d 714, 715 [2004]; *People v Outley*, 80 NY2d at 713). Here, the County Court, upon conducting an evidentiary hearing, possessed sufficient reliable and accurate information to support its conclusion that there was a legitimate basis for the defendant's discharge from a sex offender treatment program, and that his failure to successfully complete the program constituted a violation of a condition of his interim probation (*see People v Youmans*, 106 AD3d at 1037; *People v Dissottle*, 68 AD3d at 1544; *People v Jackson*, 67 AD3d at 1253; *People v Pickens*, 45 AD3d 1187, 1188 [2007]).

The defendant's remaining contentions are unpreserved for appellate review (*see People v Miller*, 128 AD3d 855 [2015]; *People v Bassoff*, 51 AD3d 682, 683 [2008]), and we decline to review them in the exercise of our interest of justice jurisdiction. Mastro, J.P., Balkin, Chambers and Maltese, JJ., concur.