■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AVIMAEL GONZALEZ-NERI, Appellant. [16 NYS3d 854]—

Appeal by the defendant, as limited by his motion, from a sentence of the County Court, Orange County (De Rosa, J.), imposed February 10, 2015, on the ground, inter alia, that the sentence was excessive.

Ordered that the sentence is affirmed.

On February 3, 2009, the defendant pleaded guilty to operating a motor vehicle while under the influence of alcohol as a felony in violation of Vehicle and Traffic Law § 1192 (2) and operating a motor vehicle while under the influence of alcohol as a felony in violation of Vehicle and Traffic Law § 1192 (3), in exchange for a promised sentence of a "cap [of] county [jail] time." The County Court conditioned its sentencing promise upon, inter alia, the defendant's cooperation with the Orange County Department of Probation and his appearance for sentencing. The defendant never attended his presentence interview with the Department of Probation, and failed to appear for sentencing. As a result, the County Court issued a warrant for his arrest. Nearly six years later, the defendant was arrested on the warrant, and subsequently brought to the County Court for sentencing. Since the defendant violated the conditions of the plea agreement, the People requested that the court impose an indeterminate term of 1⅓ to 4 years of imprisonment. The defendant's attorney requested that any term of imprisonment imposed not exceed 180 days, in order to avoid collateral immigration consequences to the defendant. The County Court sentenced the defendant to an indeterminate term of 1 to 3 years of imprisonment. The defendant now moves for a reduction of his sentence in the interest of justice on the ground, inter alia, that it is excessive.

The defendant initially contends that the County Court violated his rights under the Due Process and Equal Protection Clauses of the Constitutions of the United States and the State of New York, and abused its sentencing discretion, by failing to consider whether he should be sentenced to a term of probation (see People v Cesar, 131 AD3d 223 [2d Dept 2015]). While this Court held in People v Cesar that it is constitutionally impermissible for a court to refuse a sentence of probation solely on the basis of a defendant's immigration status, this matter is distinguishable. In People v Cesar, the defendant appealed from a judgment convicting him of aggravated driving while intoxicated, and sought to vacate the sentence imposed. This Court granted that relief upon finding that the County Court had refused to consider a sentence of probation solely because of the defendant's immigration status. Here, however, the defendant seeks a reduction of his sentence in the interest

of justice on the ground that it is excessive. The record indicates that, at the time the defendant entered his plea of guilty, he accepted the County Court's sentencing promise of a cap of county jail time, and, indeed, that is the sentence he would have received had he complied with the conditions of his plea agreement. Instead, the defendant absconded and remained at large for nearly six years, until he was arrested on the warrant and brought to the County Court, where he was sentenced to a term of 1 to 3 years of imprisonment. In contrast to *People v Cesar*, where the defendant sought to vacate his sentence so that he could be considered for probation, here, the defendant seeks to have the length of his sentence of imprisonment reduced to a term that does not exceed 180 days in order to avoid potential immigration consequences. Under these circumstances, the constitutional considerations underlying this Court's decision in *People v Cesar* are not implicated by allowing the sentence to stand.

Furthermore, the County Court was entitled to impose an enhanced sentence based upon the defendant's violation of the conditions of his plea agreement (*see People v Hicks*, 98 NY2d 185, 189 [2002]; *People v Blackwell*, 62 AD3d 896 [2009]). Moreover, considering all of the relevant circumstances of this case, including the potential immigration consequences to the defendant, the enhanced sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]; *see also People v Serrano*, 129 AD3d 997 [2015]), and a reduction is not warranted in the interest of justice (*see People v Young*, 125 AD3d 795 [2015]; *People v Sharpe*, 98 AD3d 633, 634 [2012]). Eng, P.J., Dillon, Leventhal, Hinds-Radix and LaSalle, JJ., concur.