People v Takie (2019 NY Slip Op 04007)





People v Takie


2019 NY Slip Op 04007


Decided on May 22, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOSEPH J. MALTESE
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2016-07354
 (Ind. No. 971/14)

[*1]The People of the State of New York, respondent,
v
Mohammed R. Takie, appellant.


Paul Skip Laisure, New York, NY (Cynthia Colt of counsel), for appellant.
John M. Ryan, Acting District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Katherine A. Triffon of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Deborah Stevens Modica, J.), rendered June 30, 2016, convicting him of attempted murder in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant pleaded guilty to attempted murder in the second degree in exchange for the Supreme Court's promise that it would sentence him to a specified determinate prison term. As a condition of the court's promised sentence, the defendant was required to answer the questions posed by the Department of Probation truthfully and in a manner consistent with what he told the court during the plea proceedings. Thereafter, based on statements made by the defendant during his interview with the Department of Probation, the court conducted a hearing, determined that the defendant breached the terms of his plea agreement, and imposed an enhanced sentence. The defendant appeals.
"Conditions imposed as part of a plea arrangement are valid if the parties agree to them and they do not violate any statute or contravene public policy" (People v Avery, 85 NY2d 503, 507). "An enhanced sentence may be imposed on a defendant who, in violation of an express condition of a plea agreement, has failed to truthfully answer questions during a probation department interview" (People v Guzman-Hernandez, 135 AD3d 957, 957; see People v Hicks, 98 NY2d 185; People v Patterson, 106 AD3d 757, 757; People v Bragg, 96 AD3d 1071, 1071-1072).
Here, the record of the plea proceedings established that the defendant clearly acknowledged, understood, and accepted the conditions imposed, including that his statement during his probation interview be truthful and consistent with his statements at the plea proceedings (see People v Butler, 49 AD3d 894, 895). Contrary to the defendant's contention, he gave the Department of Probation an account of his criminal conduct which conflicted with what he had stated in court. At the plea proceedings, the defendant admitted under oath that he intended to kill the victim and attempted to do so by cutting her with a knife. In contrast, during the interview with the Department of Probation, the defendant stated that he had "blacked out" and was only told after he awoke in the hospital that he had injured the victim. Critically, the defendant never admitted [*2]during his interview that he cut the victim with a knife. Under these circumstances, the court was not bound by its original promise, and we agree with its determination imposing an enhanced sentence (see People v Hicks, 98 NY2d 185; People v Guzman-Hernandez, 135 AD3d 957; People v Bragg, 96 AD3d 1071; People v Butler, 49 AD3d 894).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
MASTRO, J.P., MALTESE, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court