The People of the State of New York, Respondent,
against
Misael Aguilar, Appellant.




Appellate Advocates (Caitlin Halpern of counsel), for appellant.
Queens County District Attorney (John M. Castellano, Johnnette Traill, and William H. Branigan of counsel), for respondent.

Appeal by defendant, as limited by the brief, from a sentence of the Criminal Court of the City of New York, Queens County (Ernest F. Hart, J.), imposed January 21, 2016, upon defendant's conviction, upon his plea of guilty, of assault in the third degree.




ORDERED that the sentence is affirmed.
On November 21, 2013, the People charged defendant, in a felony complaint, with two counts of assault in the second degree (Penal Law § 120.05 [1], [2]), and criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [2]), alleging that, on that date, defendant had stabbed another person in the abdomen with a knife. Pursuant to a negotiated plea and sentencing agreement, defendant pleaded guilty to a lesser offense of reckless assault in the third degree (Penal Law § 120.00 [2]) in satisfaction of the accusatory instrument, and in anticipation of a sentence of six months' incarceration. In the course of his plea, the sufficiency of which is not challenged, defendant received written and oral notice of the potential immigration consequences of his plea and he insisted that it was his wish, nevertheless, to accept the plea and sentencing terms. Defendant waived his right to appeal, and he received and served the promised sentence.
On appeal, defendant seeks a sentence reduction to 179 days, arguing that the sentence imposed was excessive in that it rendered him ineligible for relief from certain immigration consequences of the judgment of conviction. While we agree that, under the circumstances, the appeal waiver is not enforceable (see People v Davis, 164 AD3d 827, 828 [2018]; see also People v Sanders, 25 NY3d 337, 340-341 [2015]; People v Carryl, 169 AD3d 818 [2019]), and that the rule barring excessive sentence review where the sentence has been served is inapplicable when the sentence "has potential immigration consequences" (People v Broderick, 165 AD3d 972, 972 [2018]; see also People v Vega, 165 AD3d 984 [2018]; People v Scott, 156 AD3d 913 [2017]; People v Ayala, 142 AD3d 1095, 1095 [2016]; People v Talbi, 45 Misc 3d 18, 20 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]), under the circumstances presented, including the use of a knife in a violent physical encounter (see People v Vega, 165 AD3d 984]), we decline to modify the sentence.
Accordingly, the sentence is affirmed.
PESCE, P.J., WESTON And ALIOTTA, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 24, 2019