The People of the State of New York, Respondent,
against
Christian R. Mendez, Appellant.




Appellate Advocates (David L. Goodwin of counsel), for appellant.
Queens County District Attorney (John M. Castellano, Johnette Traill and Christopher J. Blira-Koessler of counsel), for respondent.

Appeal, as limited by the brief, from a sentence of the Criminal Court of the City of New York, Queens County (Suzanne J. Melendez, J.), imposed April 3, 2017, upon defendant's conviction of assault in the third degree, upon his guilty plea.




ORDERED that the sentence is affirmed.
On December 9, 2016, the People filed a felony complaint, charging defendant with attempted robbery in the first degree (Penal Law §§ 110.00, 160.15 [3]), attempted robbery in the second degree (Penal Law §§ 110.00, 160.10 [2] [a]), two counts of assault in the second degree (Penal Law § 120.05 [1], [2]), criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [2]), and criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03). The factual portion of the complaint alleged that on December 9, 2016, between 4:35 a.m. and 4:39 a.m., at 66-38 74th Street, Queens County, a woman had observed defendant walking behind her, whereupon defendant had repeatedly demanded money and attempted to take her handbag. The victim resisted the attempt, and defendant repeatedly struck her on the hand, causing bruising and swelling. Defendant then produced a knife and cut the victim's hand, causing a laceration and bleeding, for which she later received medical treatment. When [*2]defendant was arrested, a ziplock bag containing what appeared to be cocaine was removed from his pocket. Subsequently, a second felony complaint was filed, which included the aforementioned charges and added a count of assault in the third degree (Penal Law § 120.00 [2]), a class A misdemeanor, based on the same incident. Pursuant to a negotiated plea and sentencing agreement, defendant pleaded guilty to assault in the third degree in satisfaction of the accusatory instrument and in anticipation of a promised sentence of 364 days' incarceration. In the course of his plea, the sufficiency of which is not challenged, defendant received written and oral notice that his guilty plea might have consequences for his immigration status, and he insisted that it was his wish, nevertheless, to accept the plea and sentencing terms. Defendant received and served the promised sentence.
On appeal, defendant seeks a sentence reduction to 179 days, arguing that the sentence imposed was excessive in that it rendered him ineligible for relief from certain immigration consequences.
A challenge to a fully served sentence on the ground of excessiveness is not moot where, as here, the sentence "has potential immigration consequences" (People v Broderick, 165 AD3d 972, 972 [2018]; see People v Vega, 165 AD3d 984 [2018]; People v Scott, 156 AD3d 913 [2017]; People v Ayala, 142 AD3d 1095, 1095 [2016]; People v Talbi, 45 Misc 3d 18, 20 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]). Upon a review of the record, and assuming that the sentence imposed presents adverse immigration consequences to defendant, we nevertheless decline to reduce the sentence in light of defendant's admitted use of a knife in a violent physical encounter (see People v Vega, 165 AD3d 984; People v Morales, 61 Misc 3d 130[A], 2018 NY Slip Op 51418[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]).
Accordingly, the sentence is affirmed.
ELLIOT, J.P., PESCE and SIEGAL, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 26, 2019