People v Ramirez (2019 NY Slip Op 06179)





People v Ramirez


2019 NY Slip Op 06179


Decided on August 21, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 21, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
ANGELA G. IANNACCI, JJ.


2017-10693
 (Ind. No. 2455/16)

[*1]The People of the State of New York, respondent,
v
Manuel Ramirez, appellant.


Laurette D. Mulry, Riverhead, NY (Alfred J. Cicale of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Grazia DiVincenzo and Guy Arcidiacono of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Barbara Kahn, J.), rendered August 31, 2017, convicting him of attempted rape in the first degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
A court is free to impose a condition as part of a plea arrangement requiring that a defendant cooperate with the Department of Probation (hereinafter DOP) by, among other things, truthfully answering questions and not denying guilt during a probation department interview (see People v Hicks, 98 NY2d 185, 189; People v Guzman-Hernandez, 135 AD3d 957, 957; People v Pianaforte, 126 AD3d 815, 816; People v Patterson, 106 AD3d 757, 757). "[T]he violation of an explicit and objective plea condition that was accepted by the defendant can result in the imposition of an enhanced sentence" (People v Pianaforte, 126 AD3d at 816).
Here, the condition of the defendant's plea that he cooperate with the DOP by, inter alia, not "minimiz[ing] [his] conduct" was explicit and objective, and was acknowledged, understood, and accepted by the defendant as part of the plea agreement (see People v Hicks, 98 NY2d at 189; People v Patterson, 106 AD3d at 757). The defendant violated that condition by, among other things, denying sexual contact between himself and the 11-year-old complainant, and stating that the complainant had pursued him and initiated the sexual contact. The defendant's violation of the condition permitted the County Court to impose the enhanced sentence (see People v Hicks, 98 NY2d at 189; People v Patterson, 106 AD3d at 757).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
CHAMBERS, J.P., AUSTIN, ROMAN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court