People v Arana (2021 NY Slip Op 50951(U))

[*1]

People v Arana (Sherlock)

2021 NY Slip Op 50951(U) [73 Misc 3d 130(A)]

Decided on October 1, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 1, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, WAVNY
TOUSSAINT, JJ

2017-823 Q CR

The People of the State of New York,
Respondent,
against
Sherlock Arana, Appellant. 

Appellate Advocates (Martin B. Sawyer of counsel), for appellant.
Queens County District Attorney (Johnnette Traill and William H. Branigan of counsel), for
respondent.

Appeal, as limited by the brief, from a sentence of the Criminal Court of the City of New
York, Queens County (Toko Serita, J.), imposed March 27, 2017, upon defendant's conviction of
menacing in the second degree, upon his guilty plea.

ORDERED that the sentence is affirmed.
The People charged defendant, in a felony complaint, with menacing in the second degree as
a hate crime (Penal Law §§ 120.14 [1]; 485.05), menacing in the second degree (Penal
Law § 120.14 [1]), endangering the welfare of a child (Penal Law § 260.10 [1]),
criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [2]), and
harassment in the second degree (Penal Law § 240.26 [1]). The factual portion of the
complaint alleged that, at approximately 2:00 p.m. on August 3, 2016, at a train station in
Queens, defendant approached the complaining witness and his daughter, pulled out a kitchen
knife from his backpack, and stated, in sum and substance, "Come over here, I have something
for you."
On September 30, 2016, pursuant to a negotiated plea and sentencing agreement, the felony
charge was dismissed and defendant pleaded guilty to menacing in the second degree in
satisfaction of the accusatory instrument. The plea was in exchange for a promised sentence of a
conditional discharge, to be imposed upon defendant's completion of a nine-month program,
provided that, in the interim, defendant stays out of trouble and does not get rearrested, with a
[*2]364-day jail alternative if he failed to comply. In the course of
his plea, the sufficiency of which is not challenged, defendant affirmed that he had fully
discussed his case with his trial counsel and that he understood the possible immigration
consequences of his plea.
Shortly thereafter, defendant was rearrested and he pleaded guilty to two counts of assault in
the third degree as a hate crime. Consequently, on the instant matter, defendant was sentenced, as
promised, to 364 days' incarceration. Defendant has served his sentence.
On appeal, defendant seeks a sentence reduction to 179 days, arguing that the sentence
imposed was excessive in that it rendered him ineligible for relief from certain immigration
consequences.
A challenge to a fully served sentence on the ground of excessiveness is not academic where,
as here, the sentence "has potential immigration consequences" (People v Broderick, 165 AD3d
972, 972 [2018]; see People v
Vega, 165 AD3d 984 [2018]; People v Scott, 156 AD3d 913 [2017]; People v Ayala, 142 AD3d 1095,
1095 [2016]; People v Talbi, 45 Misc 3d 18, 20 [App Term, 2d Dept, 2d, 11th &
13th Jud Dists 2014]). Even assuming that the sentence imposed presents adverse immigration
consequences to defendant, we decline to reduce the sentence under the circumstances presented
(see People v Vega, 165 AD3d
984; People v Mendez, 64 Misc
3d 139[A], 2019 NY Slip Op 51210[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2019]; People v Morales, 61 Misc
3d 130[A], 2018 NY Slip Op 51418[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2018]).
Accordingly, the sentence is affirmed.
ALIOTTA, P.J., WESTON and TOUSSAINT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 1, 2021