■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEXIS GONZALEZ-SAEZ, Appellant. [792 NYS2d 745]—

Appeal from a judgment of the Erie County Court (Michael F. Pietruszka, J.), rendered January 9, 2003. The judgment convicted defendant, upon his plea of guilty, of robbery in the second degree and attempted robbery in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a plea of guilty of robbery in the second degree (Penal Law § 160.10 [2] [b]) and attempted robbery in the second degree (§§ 110.00, 160.10 [2] [a]). We agree with defendant that the record of the plea colloquy fails to establish that his waiver of the right to appeal was knowing, voluntary and intelligent. County Court's "single reference to defendant's right to appeal is insufficient to establish that the court 'engage[d] the defendant in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice' " (*People v Brown*, 296 AD2d 860, 860 [2002], *lv denied* 98 NY2d 767 [2002], quoting *People v Kemp*, 255 AD2d 397, 397 [1998]). Con-

trary to defendant's contention, however, we conclude that the incarceration portion of the sentence is not unduly harsh or severe. Defendant failed to preserve for our review his challenge to the restitution portion of his sentence (*see People v McCorkle*, 298 AD2d 848, 848-849 [2002], *lv denied* 99 NY2d 561 [2002]), and we decline to exercise our power to review that challenge as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Present—Pigott, Jr., P.J., Green, Gorski, Martoche and Smith, JJ.