■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES D. WINSHIP, Appellant. [809 NYS2d 722]—

Appeal from a judgment of the Cattaraugus County Court (Michael L. Nenno, J.), rendered September 27, 2004. The judgment convicted defendant, upon his plea of guilty, of felony driving while intoxicated and aggravated unlicensed operation of a motor vehicle in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of felony driving while intoxicated (Vehicle and Traffic Law § 1192 [3]; § 1193 [1] [c] [ii]) and aggravated unlicensed operation of a motor vehicle in the second degree (§ 511 [2] [a]). We reject defendant's contention that County Court erred in imposing an enhanced sentence. During the plea colloquy, defendant replied in the affirmative when the court asked if he understood that he would not receive the agreed-upon sentence of 1 to 3 years if he did not comply with

two conditions, i.e., that he would not be arrested before sentencing and that he would appear at sentencing. Because defendant failed to comply with either of those conditions, the court was not bound by the sentencing promise and properly imposed an enhanced sentence (*see People v Zelter* [appeal No. 1], 6 AD3d 1103 [2004], *lv denied* 3 NY3d 683 [2004]; *People v Baxter*, 302 AD2d 950, 951 [2003], *lv denied* 99 NY2d 652 [2003]; *People v Haniff*, 220 AD2d 449 [1995], *lv denied* 88 NY2d 848 [1996]). Contrary to defendant's further contention, the court imposed a sentence of 2$\frac{1}{3}$ to 7 years for felony driving while intoxicated, having corrected itself after misstating that the sentence was 2$\frac{1}{3}$ to 4 years. Finally, to the extent that the further contention of defendant that he was deprived of effective assistance of counsel survives his plea of guilty (*see People v Burke*, 256 AD2d 1244 [1998], *lv denied* 93 NY2d 851 [1999]), we conclude that his contention lacks merit (*see generally People v Ford*, 86 NY2d 397, 404 [1995]). Present—Pigott, Jr., P.J., Hurlbutt, Gorski, Green and Hayes, JJ.