■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHELE BREEN, Appellant. [815 NYS2d 850]—Appeal from a judgment of the Herkimer County Court (Patrick L. Kirk, J.), rendered September 20, 2004. The judgment convicted defendant, upon her plea of guilty, of grand larceny in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting her upon her plea of guilty of grand larceny in the third degree

(Penal Law § 155.35), defendant challenges the amount of restitution ordered on the ground that she did not admit to the amount of restitution, nor was she advised of her right to an evidentiary hearing. That contention is not preserved for our review (*see People v Horne*, 97 NY2d 404, 414 n 3 [2002]; *People v Gonzalez-Saez*, 16 AD3d 1171, 1172 [2005]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]; *Gonzalez-Saez*, 16 AD3d at 1172). We further conclude that the enhanced term of incarceration imposed by County Court based on the violation by defendant of a condition of her release pending sentencing, i.e., her failure to appear at sentencing, is not unduly harsh or severe. To the extent that the contention of defendant that she was denied effective assistance of counsel based on defense counsel's failure to file an omnibus motion survives her plea of guilty (*see People v Winship*, 26 AD3d 768 [2006]; *People v Burke*, 256 AD2d 1244 [1998], *lv denied* 93 NY2d 851 [1999]), we conclude that it is lacking in merit under the circumstances of this case (*see People v Grantier*, 295 AD2d 988 [2002], *lv denied* 99 NY2d 535 [2002]; *see generally People v Ford*, 86 NY2d 397, 404 [1995]). Present—Pigott, Jr., P.J., Kehoe, Gorski, Green and Pine, JJ.