# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

463
KA 13-01457
PRESENT: SMITH, J.P., CARNI, LINDLEY, SCONIERS, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

SCOTT D. STANLEY, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (NICHOLAS P. DIFONZO OF COUNSEL), FOR DEFENDANT-APPELLANT.

LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (WILLIAM G. ZICKL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Genesee County Court (Robert C. Noonan, J.), rendered August 1, 2013. The judgment convicted defendant, upon his plea of guilty, of attempted rape in the first degree and rape in the second degree.

It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Genesee County Court for further proceedings in accordance with the following memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of attempted rape in the first degree (Penal Law §§ 110.00, 130.35 [4]) and rape in the second degree (§ 130.30 [1]), defendant contends that County Court erred in imposing an enhanced sentence based on his alleged violation of the conditions of the court's sentence promise. We conclude that, before imposing an enhanced sentence, the court should have conducted a more in-depth inquiry to determine whether defendant violated the conditions of the sentence promise by failing to answer truthfully questions asked of him by the probation officer who prepared his presentence report (PSR).

By way of background, the indictment alleged in pertinent part that defendant, age 34, had sexual intercourse with two girls who were under the age of 15. After several court appearances, defendant reached an agreement with the People whereby he pleaded guilty to rape in the second degree in satisfaction of the counts of the indictment relating to the older victim, and attempted rape in the first degree in satisfaction of the counts relating to the younger victim. During the plea colloquy, defendant stated under oath that he had sexual intercourse with both victims.

In return for defendant's plea, the court, consistent with the plea agreement, promised to sentence defendant to a determinate term of imprisonment of ten years plus a period of postrelease supervision

for rape in the second degree, and to a lesser concurrent term of imprisonment for attempted rape in the first degree.  Prior to accepting defendant's plea, however, the court stated that its sentence promise was conditioned upon defendant, among other things, cooperating with the probation department "in the preparation" of a PSR and truthfully answering any questions asked of him "in that process."  "[I]f you fail to keep any of those promises to me," the court advised defendant, "your guilty plea will stand, but the promise of a ten-year cap and the promise of concurrent sentences would be gone."

During his interview with the probation officer assigned to prepare the PSR, defendant admitted that he had sexual intercourse with the older victim.  With respect to the younger victim, defendant stated that he attempted to have sexual intercourse with her as well but that, after touching her breasts, he stopped because he could tell from her body language that she did not wish to go further.  At the request of the probation officer, defendant went to a sex offender treatment facility to obtain a sex offender evaluation and risk assessment.  During his interview with a social worker at the treatment facility, defendant again admitted that he had sexual intercourse with the older victim but initially denied having sexual intercourse with the younger victim.  Upon further questioning, however, defendant eventually admitted that he had sexual intercourse with both victims, as he stated during the plea colloquy.

When defendant appeared for sentencing, the prosecutor asked the court to impose the promised sentence.  Following an off-the-record conference at the bench, however, the prosecutor asked the court to impose an enhanced sentence of imprisonment of 15 years, contending that defendant violated the conditions of the sentence promise by lying to the probation officer when he said that he merely touched the younger victim's breasts, and lying to the social worker by initially denying that he had sexual intercourse with her.  Following a brief adjournment, the court concluded that defendant violated the conditions of the sentence promise by lying to the probation officer and deceiving the officer "into thinking that there was only one victim of serious sexual intrusion and not two."  The court sentenced defendant to consecutive determinate terms of imprisonment amounting to 22 years, plus a period of postrelease supervision.

As a preliminary matter, we note that, although defendant effected a valid waiver of the right to appeal, a "general waiver of the right to appeal does not foreclose review of the defendant's contention that his [postplea] conduct did not warrant an enhanced sentence" (*People v Patterson*, 106 AD3d 757, 757, *lv denied* 21 NY3d 1018; *see People v Faulkner*, 54 AD3d 1134, 1135, *lv denied* 11 NY3d 854).  Moreover, with respect to preservation, because the court was "aware of, and expressly decided, the [issue] raised on appeal" (*People v Collins*, 106 AD3d 1544, 1546, *lv denied* 21 NY3d 1072 [internal quotation marks omitted]; *see People v Hawkins*, 11 NY3d 484, 493), we conclude that defendant's challenge to the court's imposition of the enhanced sentence is properly before us notwithstanding defense counsel's failure to object to the enhanced sentence.

With respect to the merits, "[i]t is well established that the violation of an explicit and objective . . . condition[ of a sentence promise] that was accepted by the defendant can result in the imposition of an enhanced sentence" (*People v Becker*, 80 AD3d 795, 796; *see People v Hicks*, 98 NY2d 185, 189). In addition, "a failure to abide by a condition of a [sentence promise] to truthfully answer questions asked by the probation department is an appropriate basis for the enhancement of the defendant's sentence" (*Patterson*, 106 AD3d at 757; *see Hicks*, 98 NY2d at 189; *People v Mazyck*, 117 AD3d 1084, 1085, *lv denied* 23 NY3d 1064).

Here, the court did not find that defendant lied during his interview with the social worker who prepared the sex offender evaluation and risk assessment instrument. Thus, even assuming, arguendo, that defendant's statements to the social worker constitute a violation of the conditions of the court's sentence promise, as the People contend, the court did not decide that issue adversely to defendant, and we cannot therefore affirm on that basis (*see People v Concepcion*, 17 NY3d 192, 197-198; *People v LaFontaine*, 92 NY2d 470, 474, *rearg denied* 93 NY2d 849).

As noted, the court imposed an enhanced sentence based solely on its determination that defendant "lied to the probation officer" during the PSR interview, presumably by telling the officer about an incident in which he touched the younger victim's breasts but did not have sexual intercourse with her. With respect to that issue, we conclude that it cannot be determined from a review of record, including the PSR, whether defendant failed to answer truthfully questions asked of him by the probation officer, as the court found. Defendant's admission of one incident in which he touched the younger victim's breasts but stopped short of having sexual intercourse with her does not preclude the fact that there may have been a separate incident in which he had sexual intercourse with her. The PSR does not indicate whether the probation officer specifically asked defendant whether he had sexual intercourse with the younger victim, and it is therefore unclear whether defendant violated the condition of the sentence promise that he answer such questions truthfully. In the absence of evidence of an untruthful answer to a question asked by the probation officer, we conclude that the court erred in imposing an enhanced sentence. We therefore hold the case, reserve decision and remit the matter to County Court for a hearing to determine whether there is such evidence.

Entered:  May 8, 2015                          Frances E. Cafarell
                                               Clerk of the Court