# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**529**

**KA 13-01457**

PRESENT: SMITH, J.P., CARNI, LINDLEY, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                        MEMORANDUM AND ORDER

SCOTT D. STANLEY, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (NICHOLAS P. DIFONZO OF COUNSEL), FOR DEFENDANT-APPELLANT.

LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (WILLIAM G. ZICKL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Genesee County Court (Robert C. Noonan, J.), rendered August 1, 2013. The appeal was held by this Court by order entered May 8, 2015, decision was reserved and the matter was remitted to Genesee County Court for further proceedings (128 AD3d 1472). The proceedings were held and completed.

It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by directing that the sentences shall run concurrently with respect to each other and as modified the judgment is affirmed.

Memorandum: We previously held this case, reserved decision, and remitted the matter for County Court to conduct a hearing to determine whether defendant lied to the probation officer during his interview for the presentence report (PSR), thereby violating a condition of his sentence promise and authorizing the court to impose an enhanced sentence (*People v Stanley*, 128 AD3d 1472). This case is before us again following remittal.

The probation officer who prepared defendant's PSR testified at the hearing that, at the outset of the interview, he asked defendant to describe the nature of his sexual offenses. In response, defendant accurately described his conduct with respect to one of the two victims, admitting that he repeatedly had sexual intercourse with her while she was less than 13 years old. With respect to the other victim, however, defendant said that he merely touched the victim's breasts and did not go further because he could tell that she was uncomfortable. Defendant further said that the incident with the second victim was a "one-time thing." Considering that defendant admitted under oath when he pleaded guilty that he had sexual intercourse with both victims, we agree with the court that defendant lied to the probation officer when describing the nature of his

offenses, and that the court was therefore not bound by its sentence promise.  As noted in our prior decision, the court made clear that its sentence promise was contingent upon, among other things, defendant truthfully answering any questions asked of him by the probation officer who prepared the PSR (*id*. at 1473).

We agree with defendant, however, that the enhanced sentence imposed by the court is unduly harsh and severe, and we therefore exercise our power to modify the sentence as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [b]).  Pursuant to the plea offer extended by the People, defendant was to be sentenced concurrently to an aggregate prison term of ten years, plus a period of postrelease supervision.  At sentencing, the People initially requested the promised sentence.  After an off-the-record conference at the bench, however, the prosecutor asked for an enhanced aggregate sentence of 15 years based on defendant's lie to the probation officer.  The court eventually sentenced defendant to 22 years in prison, 12 more years than contemplated by the plea agreement and seven more than requested by the People.  We conclude that, although defendant should suffer consequences for lying to the probation officer, an additional five years in prison is sufficient for that purpose.  We therefore modify the sentences as a matter of discretion in the interest of justice by directing that they be served concurrently, rather than consecutively.  The result is an aggregate prison term of 15 years, i.e., the sentence requested by the People.

Entered:  June 17, 2016                          Frances E. Cafarell
                                                 Clerk of the Court