People v Peckham (2021 NY Slip Op 03716)





People v Peckham


2021 NY Slip Op 03716


Decided on June 11, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


494 KA 20-00950

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
BRANDON M. PECKHAM, DEFENDANT-APPELLANT. 






CHARLES A. MARANGOLA, MORAVIA, FOR DEFENDANT-APPELLANT.
JON E. BUDELMANN, DISTRICT ATTORNEY, AUBURN (ERICH D. GROME OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Cayuga County Court (Mark H. Fandrich, A.J.), rendered December 11, 2019. The judgment convicted defendant upon a plea of guilty of criminal possession of a controlled substance in the fourth degree and unauthorized use of a motor vehicle in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a plea of guilty of, inter alia, criminal possession of a controlled substance in the fourth degree (Penal Law § 220.09 [1]). Defendant failed to preserve for our review his contention that County Court erred in imposing an enhanced sentence without holding a hearing pursuant to People v Outley (80 NY2d 702 [1993]) inasmuch as he failed to request such a hearing and failed to move to withdraw his plea on that ground (see People v Scott, 101 AD3d 1773, 1773 [4th Dept 2012], lv denied 21 NY3d 1019 [2013]; People v Anderson, 99 AD3d 1239, 1239 [4th Dept 2012], lv denied 20 NY3d 1059 [2013]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]). We reject defendant's further contention that he was denied effective assistance of counsel (see generally People v Caban, 5 NY3d 143, 152 [2005]). The sentence is not unduly harsh or severe.
Entered: June 11, 2021
Mark W. Bennett
Clerk of the Court