People v Scott (2021 NY Slip Op 07444)





People v Scott


2021 NY Slip Op 07444


Decided on December 23, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, CURRAN, AND BANNISTER, JJ.


1075 KA 19-01432

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
EUGENE H. SCOTT, DEFENDANT-APPELLANT. 






TODD HUNTER SLOAN, AUBURN, FOR DEFENDANT-APPELLANT.
JON E. BUDELMANN, DISTRICT ATTORNEY, AUBURN (ERICH D. GROME OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Cayuga County Court (Thomas G. Leone, J.), rendered May 30, 2019. The judgment convicted defendant, upon his plea of guilty, of assault in the second degree and rape in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of assault in the second degree (Penal Law
§ 120.05 [9]) and rape in the third degree (§ 130.25 [2]). As a preliminary matter, we conclude that defendant's waiver of the right to appeal is invalid because "the perfunctory inquiry made by County Court was insufficient to establish that the court engage[d] . . . defendant in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice" (People v Soutar, 170 AD3d 1633, 1634 [4th Dept 2019], lv denied 34 NY3d 938 [2019] [internal quotation marks omitted]; see generally People v Thomas, 34 NY3d 545, 561 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]).
Defendant contends that the court erred in imposing an enhanced sentence without holding an evidentiary hearing on his alleged violation of the conditions of the plea agreement. That contention is not preserved for our review inasmuch as defendant "failed to request such a hearing and did not move to withdraw his plea on that ground" (People v Scott, 101 AD3d 1773, 1773 [4th Dept 2012], lv denied 21 NY3d 1019 [2013]; see CPL 470.05 [2]; People v Peckham, 195 AD3d 1437, 1438 [4th Dept 2021], lv denied 37 NY3d 994 [2021]). In any event, we conclude that the court was not required to conduct an evidentiary hearing under the circumstances here and that the court conducted a sufficient inquiry inasmuch as "[b]oth defendant and his counsel were given ample opportunity to refute the court's assertions that defendant had violated the plea terms" (People v Albergotti, 17 NY3d 748, 750 [2011]; see People v Coker, 133 AD3d 1218, 1219 [4th Dept 2015], lv denied 27 NY3d 995 [2016]; cf. People v Stanley, 128 AD3d 1472, 1475 [4th Dept 2015]).
Defendant further contends that the court erred in imposing the enhanced sentence because he did not violate the conditions of the plea agreement. We reject that contention. " '[T]he violation of an explicit and objective . . . condition [of a sentence promise] that was accepted by the defendant can result in the imposition of an enhanced sentence' " (Stanley, 128 AD3d at 1474; see People v Hicks, 98 NY2d 185, 189 [2002]). Indeed, " 'a failure to abide by a condition of a [sentence promise] to truthfully answer questions asked by the probation department is an appropriate basis for the enhancement of the defendant's sentence' " (Stanley, 128 AD3d at 1474; see Hicks, 98 NY2d at 189). Here, given its review of the presentence investigation interview and its inquiry at sentencing, during which defendant effectively repeated the statements he made during the interview, the court properly determined with respect to both counts that, "in violation of the express conditions of the plea agreement, defendant gave the [p]robation [d]epartment an account of his criminal conduct which was inconsistent with [*2]statements made during the plea allocution and failed to accept responsibility for his actions" (People v Coffey, 77 AD3d 1202, 1203 [3d Dept 2010], lv denied 18 NY3d 882 [2012]; see People v Bragg, 96 AD3d 1071, 1071-1072 [2d Dept 2012]; see generally Hicks, 98 NY2d at 189).
Finally, the enhanced sentence is not unduly harsh or severe.
Entered: December 23, 2021
Ann Dillon Flynn
Clerk of the Court