People v Lopez (2022 NY Slip Op 02925)

People v Lopez

2022 NY Slip Op 02925

Decided on April 29, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 29, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, PERADOTTO, NEMOYER, AND BANNISTER, JJ.

417 KA 17-01666

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
BALTAZAR LOPEZ, DEFENDANT-APPELLANT. 

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (SHIRLEY A. GORMAN OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered June 28, 2017. The judgment convicted defendant, upon his plea of guilty, of sexual abuse in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the sentence and as modified the judgment is affirmed, and the matter is remitted to Supreme Court, Monroe County, for resentencing in accordance with the following memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of sexual abuse in the first degree (Penal Law § 130.65 [4]).
Initially, we conclude that defendant's purported waiver of the right to appeal does not encompass his contention that Supreme Court erred in imposing an enhanced term of incarceration based on postplea conduct (see People v Laskowski, 46 AD3d 1383, 1384 [4th Dept 2007]; People v Parker, 271 AD2d 63, 68 [4th Dept 2000], lv denied 95 NY2d 967 [2000]; see also People v Forest, 148 AD3d 1585, 1586 [4th Dept 2017], lv denied 29 NY3d 1091 [2017]). Nonetheless, we further conclude that the court, following an evidentiary hearing, properly determined that, in violation of the express conditions of the plea agreement, defendant gave the probation department an account of his criminal conduct which was inconsistent with statements made during the plea allocution and denied committing the offense (see People v Stanley, 140 AD3d 1757, 1758 [4th Dept 2016]; see also People v Scott, 200 AD3d 1729, 1730 [4th Dept 2021]; see generally People v Hicks, 98 NY2d 185, 189 [2002]).
As defendant further contends and the People correctly concede, the court improperly sentenced defendant as a second felony offender on the basis of his prior federal drug conspiracy conviction. Defendant's contention would survive even a valid waiver of the right to appeal (see People v Bell-Bradley, 179 AD3d 1539, 1540 [4th Dept 2020], lv denied 35 NY3d 968 [2020]; People v Lopez, 164 AD3d 1625, 1625 [4th Dept 2018], lv denied 32 NY3d 1174 [2019]; People v Sumter, 157 AD3d 1125, 1126 [3d Dept 2018]) and, although he failed to preserve that contention for our review (see People v Smith, 73 NY2d 961, 962-963 [1989]), we conclude that this case "falls within the narrow exception to [the] preservation rule permitting appellate review when a sentence's illegality is readily discernible from the . . . record" (People v Santiago, 22 NY3d 900, 903 [2013]; see Sumter, 157 AD3d at 1126). Here, the record establishes that the predicate felony was based on defendant's previous conviction in federal court of conspiracy to possess with intent to distribute 500 grams or more of cocaine (21 USC § 846; see § 841 [a] [1]; [b]). However, "under New York's 'strict equivalency' standard for convictions rendered in other jurisdictions, a federal conviction for conspiracy to commit a drug crime may not serve as a predicate felony for sentencing purposes" (People v Ramos, 19 NY3d 417, 418 [2012]; see Sumter, 157 AD3d at 1126; People v Hall, 149 AD3d 1610, 1610 [4th Dept 2017]; People v Robinson, 148 AD3d 1639, 1640-1641 [4th Dept 2017]). We therefore modify the judgment by vacating the sentence, and we remit the matter to Supreme Court for resentencing (see Ramos, 19 [*2]NY3d at 421; Hall, 149 AD3d at 1610).
Entered: April 29, 2022
Ann Dillon Flynn
Clerk of the Court