People v Fisher (2024 NY Slip Op 00701)

People v Fisher

2024 NY Slip Op 00701

Decided on February 9, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 9, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., BANNISTER, GREENWOOD, AND KEANE, JJ.

63 KA 23-00288

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ANDREW S. FISHER, DEFENDANT-APPELLANT. 

ROSEMARIE RICHARDS, GILBERTSVILLE, FOR DEFENDANT-APPELLANT. 
BROOKS T. BAKER, DISTRICT ATTORNEY, BATH (JOHN C. TUNNEY OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Steuben County Court (Patrick F. McAllister, A.J.), rendered December 5, 2022. The judgment convicted defendant, upon his plea of guilty, of attempted criminal possession of a controlled substance in the fourth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of attempted criminal possession of a controlled substance in the fourth degree (Penal Law §§ 110.00, 220.09 [2]). Defendant contends that County Court erred in imposing an enhanced sentence without holding a hearing or otherwise making a sufficient inquiry regarding his alleged violation of the conditions of the plea agreement. That contention is not preserved for our review inasmuch as defendant " 'failed to request such a hearing and did not move to withdraw his plea on that ground' " (People v Scott, 200 AD3d 1729, 1730 [4th Dept 2021]). In any event, the contention lacks merit. Under the circumstances, the court was not required to conduct a hearing, and it provided "[b]oth defendant and his counsel . . . ample opportunity to refute the court's assertions that defendant had violated the plea terms" (People v Albergotti, 17 NY3d 748, 750 [2011]; see generally People v Semple, 23 AD3d 1058, 1059-1060 [4th Dept 2005], lv denied 6 NY3d 852 [2006]), specifically by his failure to appear at sentencing and failure to report to probation as directed by the court (see People v Baker, 204 AD3d 1471, 1472 [4th Dept 2022], lv denied 38 NY3d 1069 [2022]; People v Winship, 26 AD3d 768, 768-769 [4th Dept 2006], lv denied 6 NY3d 899 [2006]; see also Albergotti, 17 NY3d at 749-750).
Entered: February 9, 2024
Ann Dillon Flynn
Clerk of the Court